467 P.2d 902

John D. ROEDER and Audrey Roeder, his wife, Appellants,

v.

L. Rae HUISH, dba Huish Construction Company; Reliance Insurance Company, et al., Appellees.

No. 9902–PR.

Supreme Court of Arizona, In Banc.

April 16, 1970.

Langerman, Begam & Lewis, by Frank Lewis, Phoenix, for appellants.

Kenneth G. Flickinger, Jr., Phoenix, for appellees.

HAYS, Justice.

John and Audrey Roeder, husband and wife and plaintiffs below, contracted with the Huish Construction Company, defendant, to have the latter construct a home for them. The contract was signed by both parties in May of 1966. A dispute arose concerning the performance of the contract, after which plaintiffs brought a cause of action against defendant, alleging breach of contract.

The contract contained a standard arbitration clause, which reads partially as follows:

"Any disagreement arising out of this contract or from the breach thereof shall be submitted to arbitration, and judgment upon the award rendered may be entered in the court of the forum, state or federal, having jurisdiction. It is mutually agreed that the decision of the arbitrators shall be a condition precedent to any right of legal action that either party may have against the other."

■ Defendant answered plaintiffs' complaint, counterclaimed for other alleged damages, and at the same time filed an application to compel arbitration as provided by the Uniform Arbitration Act, A.R.S. § 12–1502, subsec. A. Plaintiffs filed a timely objection to defendant's application to compel arbitration, contending that defendant, by its conduct, had waived its right to demand arbitration. This is the point at which the objections must be asserted in order to preserve the objecting party's position for ultimate review, if an appeal becomes necessary. See Bolo Corporation v. Homes & Son Construction Co., Inc., 105 Ariz. 343, 464 P.2d 788 (1970).

A hearing was held concerning defendant's application to compel arbitration, after which the trial court granted defendant's application and ordered the parties to proceed to arbitration. All proceedings concerning plaintiffs' original suit were stayed pending arbitration. A.R.S. § 12–1502, subsec. D. Prior to arbitration, plaintiffs appealed the trial court's order to the Court of Appeals, which dismissed the appeal on the ground that "the order which is the subject of the appeal is an interlocutory order, not expressly made subject to an appeal and, therefore, it is not an appealable order." See A.R.S. § 12–2101.01. Plaintiffs' motion for rehearing was denied, and we denied review on January 20, 1970.

On January 28, 1970, twelve days after our opinion in *Bolo Corp.*, supra, was handed down, plaintiffs filed a motion for reconsideration with this Court, contending that our opinion in *Bolo Corp.* was inconsistent with the Court of Appeals' holding that the trial court's order compel-

ling arbitration was a non-appealable order. We granted plaintiffs' motion for reconsideration in order to clarify the procedural rules governing the appeals of such orders compelling arbitration.

 *Bolo Corp.*, supra, involved an appeal from a trial court judgment confirming an arbitration award. In addition to contesting the arbitration award on its merits, the appellant Bolo Corporation also contended that the arbitration award should be vacated because the appellee, Homes & Son Construction Co., had waived its right to arbitration. Bolo Corporation had continually objected to the holding of arbitration proceedings from the time that Homes & Son first filed an application seeking to compel arbitration, and Bolo had carefully laid a record of such objections. Our *Bolo Corp.* decision, supra, despite unfortunate language referring to " * * * appealed an order of the Superior Court granting the plaintiff-appellee's motion to compel arbitration," held that after judgment on the arbitration award the party who has preserved his record by timely objections to the arbitration has a right to appeal. We here hold that a party can raise the issue of arbitrability or waiver of right to arbitrate by objecting to the trial court's confirmation of the arbitration award. The courts of two other jurisdictions which have enacted the Uniform Arbitration Act have impliedly held likewise. School District No. 46, Kane, Cook & DuPage Counties v. Del Bianco, 68 Ill.App. 2d 145, 215 N.E.2d 25 (1966); Roberto Const. Co. v. Burnham-Manning Post # 1105, V.F.W. of U. S., Inc., 347 Mass. 400, 198 N.E.2d 302 (1964).

The Court of Appeals was correct in dismissing plaintiffs' appeal. Plaintiffs, however, are entitled to have the questions of waiver or laches reviewed on appeal subsequent to the submission of their contract dispute to arbitration. Regardless of whether the party moving for judgment does so under the cause number of this action or serves "an application therefor in the same manner in which complaints are filed and served in civil actions," A.R.S. § 12–1511, the plaintiffs have by timely objection herein preserved their right to appeal from such judgment.

The appeal is dismissed and the case remanded.

STRUCKMEYER, V. C. J., and UDALL and McFARLAND, JJ., concur.

LOCKWOOD, C. J., did not participate in the determination of this matter.