486 P.2d 211

**William SPENCE, Appellant,**

v.

**F. Everett HUFFMAN, Appellee.**

**No. 1 CA–CIV 1446.**

Court of Appeals of Arizona, Division 1.

June 30, 1971.

Rehearing Denied Aug. 5, 1971.

Review Denied Oct. 13, 1971.

Finn & Van Baalen by Herbert B. Finn, Phoenix, for appellant.

Tanner, Jarvis, Owens & Hoyt by Robert F. Owens, Phoenix, for appellee.

HATHAWAY, Judge.

This is an appeal from a judgment in favor of appellee, plaintiff in a breach

of contract action, against appellant, one of the defendants below.[1] The case was tried to the court sitting without a jury and, although a counterclaim remains unadjudicated, the judgment has the requisite "determination and direction" to render it appealable. Arizona Rules of Civil Procedure 54(b), as amended, (Supp.1970–71), 16 A.R.S.

The trial court made findings of fact and conclusions of law. It found that prior to January 1, 1966, the plaintiff was the owner of an employment agency business in Maricopa County; that he sold said business to the defendant William Spence on January 1, 1966; that the contract of sale provided that the said defendant would pay to the plaintiff the sum of $5,000 together with interest thereon from January 1, 1966 and that this sum was to have been fully paid during 1966; that Spence had not paid said sum and that it was then due and payable; and that Spence had also, as part of the contract of sale, agreed to pay certain creditors and had failed to do so thereby requiring the plaintiff to pay to four creditors a total sum of $1,446.98. The court concluded that the plaintiff was entitled to recover the sum of $5,000 with interest thereon at 8% per annum from January 1, 1966, until paid, and the additional sum of $1,446.98 with interest thereon from the date of judgment.

On appeal, no question is raised as to the amount of the award. Appellant's only contention is that the trial court erred in finding him personally liable.

▇▇▇▇ It is the position of appellant that the parties to the agreement for sale intended that he would not be liable for its performance, but rather that a contemplated corporation which had not been organized at the time the agreement was entered into would be liable. The evidence is undisputed that, at the time of the subject agreement, the corporation (the defendant which obtained a judgment of dismissal below) was not organized, but was subsequently formed.

The general rule is that where a corporation is contemplated but has not been organized at the time when a promoter makes a contract for the benefit of the corporation, he is personally liable on it, or incurs a personal liability with respect to the transaction in the absence of contrary agreement with the other contracting party. See Annot., 41 A.L.R.2d 477, § 2 (1955) and cases cited therein. The promoter is likewise personally liable on or with respect to such transaction, in the absence of an express agreement otherwise, when he executes a contract in the name of the proposed corporation. Annot., 41 A.L.R.2d 477, § 3 (1955). In the case *sub judice*, the evidence is conflicting as to the parties' intention to relieve the appellant of personal liability. The trial judge, as the trier of fact, resolved the conflict in favor of the appellee, i. e., that there was no intention to relieve appellant of personal liability. There being sufficient evidentiary support for the trial court's finding that appellee sold his business to appellant, we accept such finding on appeal. In re Griswold's Estate, 13 Ariz.App. 218, 475 P.2d 508 (1970).[2]

Judgment affirmed.

KRUCKER, C. J., and HOWARD, J., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.

---

1. At the close of the plaintiff's case, the trial court granted judgment of dismissal as to a corporate defendant.

2. Appellant, in support of his position on appeal, has referred to certain documents which we have not considered for the reason that they were never admitted into evidence.