977 P.2d 769

SOUTHERN CALIFORNIA EDISON COMPANY, a California corporation as Operating Agent of the Mohave Project and on its own behalf; Nevada Power Company, a Nevada corporation; Salt River Project Agricultural Improvement and Power District, an agricultural improvement district; Department of Water and Power of the City of Los Angeles, A municipal corporation of the state of California, Plaintiffs–Appellants,

v.

PEABODY WESTERN COAL COMPANY, a Delaware corporation, Defendant-Appellee.

No. CV–97–0448–PR.

Supreme Court of Arizona, En Banc.

April 1, 1999.

As Amended May 19, 1999.

Steptoe & Johnson, L.L.P. By: Francis J. Burke, Jr., Bruce E. Meyerson, Phoenix, Attorneys for Southern California Edison Co., Nevada Power Co., and Department of Water and Power of the City of Los Angeles.

Salmon Lewis & Weldon, P.L.C. By: John B. Weldon, Jr., Stephen E. Crofton, Phoenix, Attorneys for Salt River Project Agricultural Improvement and Power District.

O'Connor Cavanagh By: Jeffrey B. Smith, Christopher Robbins, Phoenix, and Thompson Coburn By: W. Stanley Walch, Roman P. Wuller, St. Louis, Missouri, Attorneys for Peabody Western Coal Company.

## OPINION

FELDMAN, Justice.

¶ 1   Southern California Edison Company, Nevada Power Company, the Department of Water and Power of the City of Los Angeles, and the Salt River Project Agricultural Improvement and Power District (collectively "the Utilities") are parties to a contract with Peabody Western Coal Company ("Peabody"). The contract contains a clause requiring arbitration of some, but not all, disputes. The Utilities petition this court to review the court of appeals' order dismissing their appeal from the trial judge's order compelling arbitration. We are asked to decide whether the order compelling arbitration is subject to pre-arbitration appellate review. Because the circumstances of this case raise questions about one or more of our previous decisions, we granted review. *See* Ariz. R.Civ.App.P. 23(c)(3). We have jurisdiction pursuant to Ariz. Const. art. VI, § 5(3) and A.R.S. § 12–120.24.

## FACTS AND PROCEDURAL HISTORY

¶ 2   In 1976, the Utilities and Peabody signed the Amended Mohave Project Coal Supply Agreement. This contract contains an arbitration clause, which reads in part:

In the event the parties should be unable to reach agreement *with respect to a matter herein specified to be established or determined by agreement of the parties,* either party may, except where provided to the contrary in this Amended Agreement, call for submission of such matter to arbitration in the manner herein set forth. (Emphasis added.) The contract specifies certain matters that are to be determined by agreement or negotiation of the parties.

¶ 3 A dispute arose regarding liability for approximately $30 million in Retiree Health Care Costs and Final Reclamation Costs, and Peabody demanded arbitration. The Utilities argued that the dispute did not fall within the arbitration clause because it was not one of the matters "specified to be established or determined by agreement of the parties." They filed a five-count complaint alleging breach of contract (Count I), seeking a declaratory judgment relating to their liability for post-retirement health care costs and decommission, reclamation, and environmental monitoring costs (Counts II and III), and seeking a declaratory judgment that the issues were not arbitrable (Counts IV and V). In response, Peabody filed a motion to dismiss and to compel arbitration. The trial judge agreed with Peabody and entered an order dismissing Count I, staying the prosecution of Counts II through V, and compelling arbitration of the disputed issues. The order thus effectively denied relief on the declaratory judgment counts claiming non-arbitrability.

¶ 4 The Utilities appealed, and Peabody moved to dismiss for lack of jurisdiction, arguing that the order compelling arbitration was interlocutory and therefore non-appealable under *Roeder v. Huish,* 105 Ariz. 508, 467 P.2d 902 (1970). The court of appeals dismissed the appeal "for lack of jurisdiction on the ground stated in the motion to dismiss." The Utilities then filed a petition for review with this court. On the same day, they filed a petition for special action in the court of appeals, seeking relief in the nature of mandamus or prohibition from the trial judge's order compelling arbitration. The Utilities argued that a party should not be required to arbitrate when the dispute does not fall within the narrow arbitration clause and that the remedy by appeal following confirmation of the arbitration award was inadequate. The court of appeals declined jurisdiction.

## DISCUSSION

¶ 5 The merits of the arbitrability issue are not before us. Suffice it to say that the arbitration clause is not a broad all-disputes provision but one requiring arbitration of only certain disputes. Whether the controversy here falls within this clause is far from clear.

### A. Arizona authority

¶ 6 The Utilities contend it makes no sense to compel parties to engage in a protracted and expensive arbitration before resolving the threshold issue of arbitrability. They argue that "when a trial court orders arbitration, and that order leaves nothing left to be decided in the litigation, the party compelled to arbitrate should be entitled to judicial review of the issue of arbitrability before the arbitration, not after." In *Roeder,* we held that an order compelling arbitration could be reviewed on appeal after confirmation of the award but was not appealable prior to arbitration proceedings. 105 Ariz. at 510, 467 P.2d at 904. The Utilities argue that the court of appeals interpreted *Roeder* too broadly in dismissing their appeal. For support, they cite *Dusold v. Porta-John Corp.,* 167 Ariz. 358, 807 P.2d 526 (App.1990), and correctly point out that this court has recently heard two appeals from orders compelling arbitration—*Canon School District v. W.E.S. Construction Co.,* 177 Ariz. 526, 869 P.2d 500 (1994), and *Broemmer v. Abortion Services, Ltd.,* 173 Ariz. 148, 840 P.2d 1013 (1992). They ask that we reexamine *Roeder* to determine whether its holding should be applied to all arbitrability disputes. Because of the confusing state of the law and increasing number of disputes subject to arbitration, the Utilities urge that this is the time and the case in which to modify *Roeder* and hold that orders compelling arbitration may be appealed.

¶ 7 We believe the Utilities' submittal goes too far. First, *Dusold* does not conflict with *Roeder.* In *Dusold,* the judgment from which an appeal was taken con-

tained Rule 54(b) language of finality and was thus appealable under A.R.S. § 12–2101(B), which provides that an appeal may be taken "[f]rom a final judgment entered in an action . . . in a superior court." *See Dusold,* 167 Ariz. at 361, 807 P.2d at 529; *see also Spence v. Huffman,* 15 Ariz.App. 99, 100, 486 P.2d 211, 212 (1971). The rule referred to in *Dusold* permits the trial judge to insert language directing "the entry of final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Ariz. R.Civ.P. 54(b). The order in this case contains no such language. The Utilities evidently attempted to procure an appealable order by submitting a proposed form of judgment denying injunctive relief[1] but did not seek inclusion of Rule 54(b) language. In any event, Peabody objected and submitted its own proposed order, which the trial judge signed. This order simply compelled arbitration and stayed all other proceedings.

¶ 8 The opinions in *Canon School* and *Broemmer,* on which the Utilities rely, provide little guidance. In *Canon School,* the appeal was from a judgment denying a request to stay the arbitration. 177 Ariz. at 527, 869 P.2d at 501. It is impossible to tell from that opinion whether the judgment contained Rule 54(b) language or whether the request to stay was considered to be a request for injunctive relief. The same is true in *Broemmer,*[2] in which the appeal was from a judgment compelling arbitration of a medical malpractice suit. 173 Ariz. at 150, 840 P.2d at 1015. Neither case discusses whether an interlocutory order compelling arbitra-

tion is appealable.[3] In any event, the judgments may or may not have been appealable under A.R.S. § 12–2102(B).

¶ 9 Peabody urges that *Roeder* holds an order compelling arbitration is interlocutory and therefore never appealable. Allowing appeals from such orders would destroy the benefits of arbitration as a speedy, efficient, and inexpensive method of dispute resolution. It contends *Roeder* is still good law and need not be revisited. Further, it argues, permitting appeals from orders compelling arbitration would judicially amend A.R.S. § 12–2101.01—the statute governing appeals in arbitration—and undermine the legislature's policy favoring arbitration.

¶ 10 We believe Peabody reads *Roeder* and § 12–2101.01 too broadly. In *Roeder,* with facts much like those in the present case, we noted that the court of appeals dismissed the appeal because the order compelling arbitration was interlocutory and was "not expressly made subject to an appeal *and, therefore,* is not an appealable order." 105 Ariz. at 509, 467 P.2d at 903 (emphasis added). We held that if a party has made a proper record, it may raise the arbitrability issue by objecting to the trial judge's confirmation of the arbitration award and by subsequent appeal. *Id.* at 510, 467 P.2d at 904. Thus, we concluded that the court of appeals was correct in dismissing the pre-arbitration appeal. *Id.* We did not address whether, or under what circumstances, an order compelling arbitration could ever be appealed before arbitration. Our comment that the order was not appealable because it was not expressly made subject to an appeal certainly

---

1. An order denying an injunction is appealable under A.R.S. § 12–2101(F)(2). *See also Bulova Watch Co. v. Super City Dep't Stores,* 4 Ariz.App. 553, 554–55, 422 P.2d 184, 185–86 (1967).

2. The court of appeals' opinions in *Canon School* and *Broemmer* also shed no light. *See Canon School,* 174 Ariz. 269, 848 P.2d 848 (App.1992); *Broemmer,* 169 Ariz. 543, 821 P.2d 204 (App. 1991).

3. Inspection of this court's files reveals that *Canon School* followed the *Roeder* procedure. The trial judge entered an order compelling arbitration, and W.E.S. filed an appeal from that order. The appeal was stayed pending completion of arbitration. The stay was eventually vacated af-

ter the trial judge entered a judgment confirming the arbitration award. Thus, the question of pre-arbitration appealability of an order compelling arbitration became moot.

In *Broemmer,* the defendant filed a motion to dismiss for lack of subject matter jurisdiction or, alternatively, to compel arbitration. The trial judge entered a minute entry granting summary judgment in defendant's favor. The parties apparently stipulated to a form of judgment they both believed to be final. It is unclear from the records whether that judgment contained Rule 54(b) language. In any event, the appealability of the judgment was not questioned on appeal.

implies that the trial court *could have* expressly made it appealable.

¶ 11 There are persuasive arguments on both sides of the issue. Challenging the arbitrability of a dispute after confirmation of the award is not always an adequate remedy. Although it is commonly said that the law favors arbitration, it is more accurate to say that the law favors arbitration of disputes that the parties have agreed to arbitrate. *See Clarke v. ASAR-CO Inc.*, 123 Ariz. 587, 589, 601 P.2d 587, 589 (1979); *see also Pima County by Tucson v. Maya Const. Co.*, 158 Ariz. 151, 154, 761 P.2d 1055, 1058 (1988). Under some circumstances, the goals of arbitration may actually be defeated by requiring the parties to arbitrate before conclusively resolving the preliminary issue of arbitrability. For instance, the present dispute involves the interpretation of a complicated and lengthy Coal Supply Agreement. If it later turns out the dispute was not subject to arbitration, compelling a costly and extensive arbitration when a bona fide dispute exists, not only over liability and the amount owed but also over the very issue of arbitrability, may be a great waste of resources for the litigants, the arbitrators, and the courts. In addition, the requirement of posting a supersedeas bond may make post-confirmation appeal of the arbitrability issue extremely costly for some litigants and impossible for others. On the other hand, permitting appeals from every order compelling arbitration would undermine arbitration as an inexpensive, efficient, and speedy method of resolving disputes.

## B. Other authority

¶ 12 The clash of these competing principles is no doubt responsible for our morass of conflicting case law. One group of cases holds that an order compelling arbitration is a final judgment in a dispute over arbitrability because it disposes of all issues before the court and is thus appealable. *See, e.g., Ev-ansville–Vanderburgh School Corp. v. Evansville Teachers' Ass'n*, 494 N.E.2d 321, 322 (Ind.App.1986) (citing cases); *see also Chesterfield Management, Inc., v. Cook*, 655 N.E.2d 98, 100 (Ind.App.1995); *Horsey v. Horsey*, 329 Md. 392, 620 A.2d 305, 310–12 (1993). Some courts, however, hold that an order compelling arbitration is interlocutory and thus not appealable, although the issue of arbitrability may be raised after confirmation of the award. *See, e.g., Evansville–Vanderburgh*, 494 N.E.2d at 322 (holding such orders are appealable but citing cases, including *Roeder*, that hold otherwise); *see also National Educ. Ass'n–Topeka v. Unified Sch. Dist. No. 501*, 260 Kan. 838, 925 P.2d 835, 836–39 (1996); *Elm Creek Villas Homeowner Ass'n v. Beldon Roofing & Remodeling Co.*, 940 S.W.2d 150, 153–55 (Tex. App.1996). Moreover, states like Arizona that have adopted the Uniform Arbitration Act ("UAA") fall into both categories.[4] *See, e.g., Chesterfield Management*, 655 N.E.2d 98 (order compelling arbitration final, appealable order); *Elm Creek Villas*, 940 S.W.2d at 153–54 (order compelling arbitration interlocutory and thus not appealable).

## C. The Federal Arbitration Act

¶ 13 Still other courts look to the Federal Arbitration Act ("FAA") for guidance. 9 U.S.C. §§ 1 to 16. The FAA preempts state law and governs all written arbitration agreements involving interstate commerce, making such agreements enforceable in both federal and state courts. *See, e.g., Superpumper, Inc. v. Nerland Oil, Inc.*, 582 N.W.2d 647, 650 (N.D.1998), citing *Allied–Bruce Terminix Cos. v. Dobson*, 513 U.S. 265, 272–73, 115 S.Ct. 834, 839, 130 L.Ed.2d 753 (1995); *see also* 9 U.S.C. § 2. The FAA does not, however, require submission to federal procedural law. *See Reis v. Peabody Coal Co.*, 935 S.W.2d 625, 630 (Mo. App.1996). Each state is free to apply its own procedural requirements so long as

---

4. Jurisdictions that have adopted the UAA include: Alaska, Arizona (A.R.S. §§ 12–1501 to 12–1518), Arkansas, Colorado, Delaware, District of Columbia, Florida, Idaho, Indiana, Illinois, Iowa, Kansas, Kentucky, Maine, Maryland, Massachusetts, Michigan, Minnesota, Missouri, Montana, Nebraska, Nevada, New Mexico, North Carolina, North Dakota, Oklahoma, Pennsylvania, South Carolina, South Dakota, Tennessee, Texas, Utah, Vermont, Virginia, Wyoming. *See* Uniform Arbitration Act Refs. & Annos.

those procedures do not defeat the purposes of the act. *Id.*

¶ 14 Although the FAA, like Arizona's version of the UAA, attempts to "promote appeals from orders barring arbitration and limit appeals from orders directing arbitration," the appealability of an order does not rest solely on that basis. *Superpumper*, 582 N.W.2d at 651 (quoting *Filanto, S.p.A. v. Chilewich Int'l Corp.*, 984 F.2d 58, 60 (2d Cir.1993)). The federal statute contains express provisions that do not allow appeals from "an interlocutory order ... directing arbitration to proceed." 9 U.S.C. § 16(b)(2). It does allows appeals from "a final decision with respect to arbitration." 9 U.S.C. § 16(a)(3). Thus, many federal courts differentiate between independent and embedded proceedings. *Superpumper*, 582 N.W.2d at 651. Under this rationale, if the action is independent, asserting no claim other than one for a declaratory judgment on the arbitrability issue, an order compelling arbitration is final and can thus be appealed because it disposes of the only issue in the case. *See Gammaro v. Thorp Consumer Discount Co.*, 15 F.3d 93, 95 (8th Cir.1994); *Filanto*, 984 F.2d at 60. If, as in the present case, the arbitrability issue is embedded in an action asserting other claims in addition to arbitrability, an order compelling arbitration and staying the other claims is not final and thus not appealable. *See Filanto*, 984 F.2d at 60.

¶ 15 We do not look favorably on the independent/embedded distinction as a basis for determining whether an order compelling arbitration is appealable. In our view, appealability should not depend on counsel's ingenuity in combining different claims or bringing separate actions. Case status as independent or embedded should not, therefore, be the sole criterion controlling the ability to obtain pre-arbitration review of arbitrability. Because our cases contain no clear answer to when or how a party may obtain pre-arbitration appellate review of arbitrability, we decide this issue on the basis of precedent, statutes, common sense, and what we believe to be good judicial policy for Arizona. *But see* Employment Protection Act, Laws 1996, Ch. 140, § 1 (Preamble).

**D. Resolution**

¶ 16 In Arizona, our statutes and rules of appellate procedure permit appeals only from final judgments or orders. *See* A.R.S. § 12–2101(B). In the civil context, the right to appeal is not absolute but exists only by statute. *Pulaski v. Perkins*, 127 Ariz. 216, 217, 619 P.2d 488, 489 (App.1980). Our arbitration statute expressly permits appeal from an order *denying* arbitration but is silent as to an order *compelling* arbitration. *See* A.R.S. § 12–2101.01. This statute must be read in conjunction with our general appeals statute, § 12–2101. By expressly listing those judgments and orders that may be appealed in §§ 12–2101 and 12–2101.01, our legislature has made its intent clear that most *interlocutory orders*, including those compelling arbitration, are not appealable. This, too, was the intent of the UAA drafters. *See* Prefatory Note to UAA ("The section on Appeals is intended to remove doubts as to what orders are appealable and to limit appeals prior to judgment to those instances where the element of finality is present."). Under A.R.S. § 12–2101, the general statute governing appeals, the finality of an order compelling arbitration is not dependent on whether the order was entered in an embedded or independent proceeding. If made in an embedded proceeding, the order is not final because it does not determine all issues. If made in an independent proceeding, the order is still not final because the trial court should retain jurisdiction to confirm the arbitration award. *See* A.R.S. § 12–1511 ("A party seeking confirmation of an award shall file and serve an application therefor in the same manner in which complaints are filed and served in civil actions.... [T]he court shall enter judgment upon the award unless opposition is made in accordance with § 12–1512."). Thus, even in an independent proceeding in which the question of arbitrability has been raised, an order compelling arbitration will always adjudicate "fewer than all of the claims." *See* Ariz.R.Civ.P. 54(b).

¶ 17 The foregoing rules are good policy in an arbitration case because they support the purposes of that procedure—prompt, efficient, and inexpensive dispute resolution. In many cases, a multitude of appeals from

orders compelling arbitration would use judicial and litigant resources when arbitration might determine all issues to the parties' satisfaction. Thus, we reaffirm the *Roeder* rule and hold that an order to compel arbitration, without more, is not appealable.

¶ 18 This general rule, however, provides little comfort in those cases in which there are complex issues and in which a bona fide dispute exists over arbitrability. In those instances, justice might be better served by pre-arbitration resolution of arbitrability. The general rule against piecemeal appeals has been and, as *Roeder* recognized, still is subject to exceptions. Nothing in §§ 12–2101, 12–2101.01, or our rules makes these exceptions inapplicable to arbitration issues. Thus, a party seeking judicial review of an order compelling arbitration may request that the trial judge certify the judgment pursuant to Rule 54(b). Rule 54(b) allows the trial judge to determine whether a judgment that would not otherwise be final should be made final for appeal purposes. *Terrazas v. Superior Court,* 112 Ariz. 434, 435, 543 P.2d 120, 121 (1975).

¶ 19 Rule 54 was applied to arbitrability issues in *Dusold.* It is designed as a compromise between the policy against interlocutory appeals and the desirability, in a few cases, of an immediate appeal to prevent an injustice. *Pulaski,* 127 Ariz. at 218, 619 P.2d at 490. A trial judge has discretion to decide whether an order or judgment should be accorded finality; the judge should certify the order or judgment pursuant to Rule 54(b) only in those cases in which some hardship or injustice would result from a delay in entering a final judgment. *See id.*; *see also* 10 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE: CIVIL 3D § 2659. Our decision today does not depart from our policy against piecemeal appeals, nor from our policy in favor of arbitration. We emphasize

> that 54(b) orders should not be entered routinely or as a courtesy or accommodation to counsel. The power which this Rule confers upon the trial judge should be used only 'in the infrequent harsh case' as an instrument for improved administration

of justice and the more satisfactory disposition of litigation in light of the public policy indicated by statute [as to the appealability of final judgments] and rule. *Pulaski,* 127 Ariz. at 218, 619 P.2d at 490 (quoting *Panichella v. Pennsylvania R.R.,* 252 F.2d 452, 455 (3d Cir.1958)). But a trial judge should enter a Rule 54(b) judgment when forcing arbitration before conclusively determining the arbitrability of the dispute would not serve the ends of justice, as when a bona fide dispute exists as to the scope of the arbitration clause and when arbitration would require a significant expenditure of time and money. If the trial judge enters a Rule 54(b) judgment, it would then be a final appealable order under A.R.S. § 12–2101(B). *See Dusold,* 167 Ariz. at 361, 807 P.2d at 529.

¶ 20 But if the judge refuses to certify the order pursuant to Rule 54(b), the order compelling arbitration remains interlocutory and is not appealable. In the proper case, however, the refusal to enter an appealable order may be reviewed for abuse of discretion by special action proceedings.[5] *See Continental Cas. v. Superior Court,* 130 Ariz. 189, 192, 635 P.2d 174, 177 (1981) ("[I]t is ... possible for a trial court to abuse its discretion by not permitting 54(b) language ... when the claim involved is clearly separate and distinct from the remaining claims and the possible injustice of delay would be avoided by entering judgment and making an immediate appeal available."); *see also* Ariz. R.P.Spec.Act. 3(c). This solution, we believe, provides a method for appellate review of non-frivolous, substantial issues about arbitrability while, at the same time, discouraging frivolous or insubstantial claims of non-arbitrability, in keeping with our policy favoring arbitration.

**E. Application to this case**

¶ 21 In this case, the Utilities request appellate relief pursuant to A.R.S. § 12–2101(B), which permits an appeal to be taken "[f]rom a final judgment entered in an action or special proceeding commenced in a superior court," and A.R.S. § 12–2101(D),

---

5. The refusal to enter Rule 54(b) language may not be reviewed on direct appeal. *See McCall v. Deeds,* 849 F.2d 1259, 1259 (9th Cir.1988); Ma-

kuc v. American Honda Motor Co., 692 F.2d 172, 174 (1st Cir.1982).

**54**

which permits an appeal to be taken "[f]rom any order affecting a substantial right made in any action when the order in effect determines the action and prevents judgment from which an appeal might be taken." Because the order entered here was not a final judgment containing Rule 54(b) language, the Utilities do not have a right to appeal under § 12–2101(B). Likewise, the Utilities do not have a right to appeal under § 12–2102(D) because the order does not determine the action and prevent judgment from which an appeal may be taken.

¶ 22 But the Utilities did file a proposed final judgment. Peabody objected to the Utilities' "attempt to boot-strap themselves into an appealable order," and the trial judge ultimately signed the non-final order proposed by Peabody. The Utilities challenged the order by attempting to appeal and by special action in the court of appeals. The court of appeals dismissed their appeal and declined jurisdiction of their special action. The Utilities then filed a petition for review only from the dismissal of their direct appeal. The procedure they followed was perhaps not technically correct. *See* Ariz. R.P.Spec.Act. 8(b). But the method they should have followed was not entirely clear at the time. Because the attempted appeal and special action challenged both the appealability of the order and the arbitrability of the dispute, we treat the petition for review as one seeking review from both the dismissal of the appeal and the denial of special action jurisdiction. *See* Ariz.R.Sup.Ct. 26. We conclude that the court of appeals should have accepted jurisdiction of the special action and therefore remand this case to the court of appeals for consideration of the propriety of the trial judge's decision on the arbitrability issue. *See* Ariz.R.Civ.App.P. 23(i)(3). Because the trial judge's interpretation of the contract involved only questions of law, the standard of review will be for abuse of discretion.

**CONCLUSION**

¶ 23 An order compelling arbitration is not a final judgment and is therefore not appealable under A.R.S §§ 12–2101(B) or 12–2101.01. A party may, however, request that the trial judge enter a final order or judgment under Rule 54(b) or A.R.S. § 12–2101.

If the trial judge makes such an order, it is appealable. If the trial judge refuses to make an order appealable, the aggrieved party may challenge that decision by special action. If the appellate court determines that the trial judge abused his or her discretion in refusing to include language of finality, the court should accept jurisdiction and consider the merits of the arbitrability issue.

¶ 24 In the present case, we remand to the court of appeals to address the merits of the arbitrability claim. The standard of review will be de novo.

THOMAS A. ZLAKET, Chief Justice, JOSEPH W. HOWARD, Judge, ROBERT D. MYERS, Presiding Judge, and ROGER W. KAUFMAN, Judge, concur.

Vice Chief Justice CHARLES E. JONES and Justice FREDERICK J. MARTONE recused themselves and did not participate in the determination of this matter, Justice RUTH V. MCGREGOR did not participate in this matter. Pursuant to art. VI, § 3 of the Arizona Constitution, the Honorable JOSEPH W. HOWARD, Judge of the Court of Appeals, Division Two, the Honorable ROBERT D. MYERS, Presiding Judge of the Superior Court in Maricopa County, and the Honorable ROGER W. KAUFMAN, Presiding Criminal Judge of the Superior Court in Maricopa County, were designated to sit in their stead.