NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

MARTIN OGDEN,
*Plaintiff/Appellant*,

*v.*

DIGITAL INTELLIGENCE SYSTEMS LLC,
*Defendant/Appellee*.

No. 1 CA-CV 17-0406
FILED 12-13-2018

Appeal from the Superior Court in Maricopa County
No. CV2016-052899
The Honorable John R. Hannah, Jr., Judge

**AFFIRMED**

COUNSEL

Martin Ogden, Glendale
*Plaintiff/Appellant*

Littler Mendelson, PC, Phoenix
By Joshua Waltman
*Counsel for Defendant/Appellee*

————————————————

**MEMORANDUM DECISION**

Presiding Judge Diane M. Johnsen delivered the decision of the Court, in which Judge Maria Elena Cruz and Judge Randall M. Howe joined.

————————————————

**J O H N S E N**, Judge:

¶1          Martin Ogden appeals the superior court's dismissal of his petition to compel arbitration of claims against Digital Intelligence Systems, LLC ("DISYS").  For the following reasons, we affirm.

### FACTS AND PROCEDURAL BACKGROUND

¶2          Ogden began working for DISYS in December 2013.  Shortly thereafter, he executed an arbitration agreement with the company, which stated:

> 1.  Arbitration Agreement & Procedures.  As a condition of Employee's employment at DISYS, Employee agrees that any controversy or claim arising out of, or relating to, Employee's employment relationship with DISYS or the termination of that relationship, must be submitted for non-binding mediation before a third-party neutral and, if necessary, for final and binding resolution by a private and impartial arbitrator . . . .

¶3          DISYS terminated Ogden's employment in June 2015.  Shortly thereafter, Ogden asserted various claims against DISYS and pursued them as provided in the arbitration agreement.  Eventually, Ogden and DISYS agreed to settle Ogden's claims.  They executed a Settlement and Release Agreement (the "Settlement Agreement"), which provided in relevant part:

> The Parties have agreed to resolve any and all disputes and claims that Ogden now has or has ever had against DISYS, whether known or unknown, including the Litigation, pursuant to the terms of this Agreement.

*          *          *

2

2. Release and Covenant Not To Sue

a. Ogden . . . hereby fully and without limitation releases, covenants not to sue, and forever discharges DISYS . . . from any and all rights, claims, demands, liabilities, actions, and causes of action, whether in law or in equity, suits, damages, losses, attorneys' fees, costs, and expenses, of whatever nature whatsoever, known or unknown, fixed or contingent, suspected or unsuspected ("Claims"), that Ogden . . . now have, or may ever have, against DISYS . . . or are in any way related to: (i) Ogden's employment by DISYS; and (ii) any acts or omissions by DISYS or the DISYS Releasees occurring prior to the date that Ogden executes this Agreement.

**¶4** Sometime after signing the Settlement Agreement and receiving payment from DISYS, Ogden attempted to initiate an arbitration. DISYS, however, refused to pay the required arbitration filing fee, asserting that nothing was left to arbitrate after Ogden released his claims in the Settlement Agreement.

**¶5** Ogden then filed a petition in the superior court to compel DISYS to arbitrate. His petition asserted that his termination "will result in a number" of claims against DISYS, including claims for unpaid wages, wrongful termination, unjust enrichment, breach of contract and breach of the duty of good faith and fair dealing in an employment agreement.

**¶6** In response, DISYS argued that by signing the Settlement Agreement, Ogden had released the claims he identified for arbitration. In his reply, Ogden admitted that the Settlement Agreement would constitute a release of all of his claims against DISYS but argued DISYS had breached its payment obligation under the Settlement Agreement.

**¶7** The court denied Ogden's motion to compel arbitration and entered a final judgment. Ogden timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1) (2018) and -2101(A)(1) (2018).[1]

---

[1] Absent material revision, we cite the current version of a statute or rule.

## DISCUSSION

### A.    Denial of the Motion to Compel Arbitration.

¶8          We review the denial of a motion to compel arbitration *de novo. Sun Valley Ranch 308 Ltd. P'ship v. Robson*, 231 Ariz. 287, 291, ¶ 9 (App. 2012). Contract interpretation is a question of law we review *de novo. Grosvenor Holdings, L.C. v. Figueroa*, 222 Ariz. 588, 593, ¶ 9 (App. 2009). We consider the plain meaning of the words in the context of the contract as a whole. *United Cal. Bank v. Prudential Ins. Co. of Am.*, 140 Ariz. 238, 259 (App. 1983). "A written agreement to submit any existing controversy to arbitration or a provision in a written contract to submit to arbitration any controversy thereafter arising between the parties is valid, enforceable and irrevocable, save upon such grounds as exist at law or in equity for the revocation of any contract." A.R.S. § 12-1501 (2018).

¶9          As Ogden argues, the arbitration agreement he executed when he began work at DISYS applied to "any controversy or claim arising out of, or relating to [Ogden's] employment relationship with DISYS or the termination of that relationship." The employment-based claims that Ogden identified in his petition to compel arbitration arguably would fall within the arbitration agreement because they arose out of his employment relationship with DISYS. In the Settlement Agreement, however, Ogden explicitly "agreed to resolve any and all disputes and claims that [he] now has or has ever had against DISYS." In the Settlement Agreement, he released, discharged and promised not to sue DISYS and all of its agents from or for "any and all rights, claims, demands, liabilities, actions, and causes of action." Given his release and discharge of DISYS from all his employment-related claims, the superior court did not err by denying his motion to compel arbitration of those claims. Simply put, none of those claims remained to be arbitrated.

¶10          Ogden nevertheless argues that DISYS breached the Settlement Agreement by failing to pay him what it had agreed to pay. He argues that DISYS's asserted breach of the Settlement Agreement is an issue to be arbitrated because it is a claim that arises out of his employment relationship with DISYS. We take judicial notice that, as shown in the record in a companion appeal between these same two parties, Ogden has filed a civil complaint alleging that DISYS breached the Settlement Agreement by paying him $10,341 when it had promised to pay him $13,810.

**¶11**        Ogden's claim for breach of the Settlement Agreement, however, does not arise out of the employment relationship but instead arises solely out of the Settlement Agreement, which itself has no arbitration provision. *Cf. S. Cal. Edison Co. v. Peabody W. Coal Co.*, 194 Ariz. 47, 51, ¶ 11 (1999) ("Although it is commonly said that the law favors arbitration, it is more accurate to say that the law favors arbitration of disputes that the parties have agreed to arbitrate."). The Settlement Agreement in effect constituted a novation of all prior agreements respecting Ogden's employment with DISYS, including the arbitration agreement. *See Western Coach Corp. v. Roscoe*, 133 Ariz. 147, 152 (1982) (novation is "a new, valid contract" that extinguishes previous obligations).

## B.    Attorney's Fees.

**¶12**        DISYS asks for attorney's fees on appeal under A.R.S. § 12-341.01 (2018) and the arbitration agreement. Although § 12-341.01 allows a court to grant attorney's fees to the successful party in an action arising out of a contract, it does not allow a fees award that would be contrary to "an express contractual provision governing recovery of attorney's fees." *Am. Power Prods., Inc. v. CSK Auto, Inc.*, 242 Ariz. 364, 368, ¶ 14 (2017) (quotation omitted).

**¶13**        The relevant provision in the parties' arbitration agreement is in § 1(F)(ii), which provides:

> Excluding the initial filing fee, which shall be borne by the claimant, DISYS agrees to pay the administrative fees and the arbitrator's fees and expenses as provided in the AAA Employment Arbitration Rules and Mediation Procedures. All other costs and expenses associated with the arbitration, including, without limitation, each party's respective attorneys' fees, shall be borne by the party incurring the expense.

**¶14**        Ogden argues this provision bars DISYS's claim for fees because it states that each party will bear its own fees "associated with the arbitration." To be sure, any attorney's fees that DISYS incurred in the arbitration would be "associated with the arbitration" and would be borne by DISYS under the terms of the arbitration agreement. But fees incurred in responding to a petition to compel arbitration filed in superior court are not "associated with the arbitration." *See WB, The Bldg. Co., LLC v. El Destino, LP*, 227 Ariz. 302, 311-13, ¶¶ 23-31 (App. 2011) (superior court may award fees under § 12-341.01 to a defendant who successfully challenged

applicability of an arbitration agreement); *City of Cottonwood v. James L. Fann Contracting, Inc.*, 179 Ariz. 185, 195 (App. 1994) (affirming award under § 12-341.01 of fees "associated with the judicial proceedings to defeat the motion for stay [of arbitration]").

**¶15**        Accordingly, DISYS is entitled to its costs and, in the exercise of our discretion, we award DISYS its reasonable attorney's fees incurred on appeal, contingent on compliance with Arizona Rule of Civil Appellate Procedure 21.

## CONCLUSION

**¶16**        For the foregoing reasons, we affirm the superior court's order denying Ogden's motion to compel arbitration.



AMY M. WOOD • Clerk of the Court
FILED:  AA