FILED
01/25/2019
Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
August 8, 2018 Session

## MELO ENTERPRISES, LLC ET AL. v. D1 SPORTS HOLDINGS, LLC

**Appeal from the Chancery Court for Williamson County**
No. 46199     Deanna B. Johnson, Judge

_____

**No. M2017-02294-COA-R3-CV**
_____

W. NEAL MCBRAYER, J., concurring.

I concur in the opinion of the Court.  I write separately to address the appealability of an order compelling arbitration.

Under the Tennessee Uniform Arbitration Act ("TUAA"), "[a]n appeal may be taken from . . . [a]n order denying an application to compel arbitration" or "[a]n order granting an application to stay arbitration."  Tenn. Code Ann. § 29-5-319(a) (2012). Unlike the Federal Arbitration Act ("FAA"), the TUAA does not specifically prohibit an appeal of an order directing or compelling arbitration.  *See* 9 U.S.C. § 16(b)(2), (3) (Supp. 2017) (limiting such appeals to interlocutory appeals by permission).  But, in *T.R. Mills Contractors, Inc. v. WRH Enterprises, LLC*, this Court held that an order compelling arbitration is not appealable under the TUAA.  93 S.W.3d 861, 865 (Tenn. Ct. App. 2002).

Appellees Melo Enterprises, LLC; Austin Sports & Entertainment, Inc.; OACM Sports Holdings, LLC; and D1 Sports Training of Baltimore, LLC argue that an appeal of an order compelling arbitration may be coupled with an appeal of an order denying a motion to compel arbitration.[1]  They base their argument on the statutory language that provides that appeals authorized under the TUAA are "taken in the manner and to the same extent as from orders or judgments in a civil action."  *See* Tenn. Code Ann. § 29-5-319(b).  If that is so, Appellees posit that the Tennessee Rules of Appellate Procedure permit them to raise "any question of law," including the question of whether the trial court properly compelled arbitration for some issues.  *See* Tenn. R. App. P. 13(a).

---

[1] Appellees do not cite to *T.R. Mills Contractors, Inc. v. WRH Enterprises, LLC*.

I reject Appellees argument primarily on the basis of the negative-implication cannon, also referred to as *expressio unius* or *inclusio unius*.[2] *See* ANTONIN SCALIA & BRYAN A. GARNER, READING LAW: THE INTERPRETATION OF LEGAL TEXTS 107 (2012). The list of orders that may be appealed under the TUAA "can reasonably be thought to be an expression of *all*" the orders that may be appealed. *See id.* But I recognize that "other courts hold that their state legislatures' silence in such statutes does not mean the list of appealable orders is exclusive." *Kremer v. Rural Cmty. Ins. Co.*, 788 N.W.2d 538, 547 (Neb. 2010); *see, e.g.*, *Cty. of Hawaii v. UNIDEV, LLC*, 301 P.3d 588, 600 (Haw. 2013) ("[N]othing in the text of [the Hawaiian version of the Uniform Arbitration Act] indicates that its list of appealable orders is exclusive.").[3]

An interpretation of the TUAA that limits the orders that may be appealed does not mean that Appellees were without avenues to pursue an appeal prior to arbitration. Appellees might have sought permission to pursue an interlocutory appeal of the order compelling arbitration.[4] *See* Tenn. R. App. P. 9 & 10. In cases such as this one where there is a risk of parallel proceedings, I would expect courts to be receptive to such requests. However, because Appellees did not do so in this instance, I agree that we could not reach the issue of whether the trial court properly ordered some claims to arbitration.

---

W. NEAL MCBRAYER, JUDGE

---

[2] The cannon of construction is sometimes termed *expressio unius est exclusio alterius* or *inclusio unis est exclusio alterius*. *Expressio unius est exclusio alterius*, BLACK'S LAW DICTIONARY (10th ed. 2014).

[3] Several cases have determined that an order compelling arbitration was a final order for purposes of appeal. *See* David B. Harrison, Annotation, *Appealability of State Court's Order or Decree Compelling or Refusing to Compel Arbitration*, 6 A.L.R. 4th 652 (1981). In this instance, Appellees, correctly in my view, raised no argument that the order compelling arbitration was final for purposes of appeal. As our opinion explains, the trial court did not order all claims to arbitration.

[4] In an appropriate case, a party might also request that the trial court certify the order compelling arbitration as final for purposes of appeal. *See* Tenn. R. Civ. P. 54.02(1); *see S. California Edison Co. v. Peabody W. Coal Co.*, 977 P.2d 769, 771-72 (Ariz. 1999).