NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

DEVIN ANDRICH, *Plaintiff/Appellant/Cross-Appellee,*

*v.*

BOBBY O. THRASHER, JR., et al., *Defendants/Appellees/Cross-Appellants.*

No. 1 CA-CV 25-0112

FILED 01-12-2026

Appeal from the Superior Court in Maricopa County
No. CV2022-010194
The Honorable Christopher A. Coury, Judge

**JURISDICTION ACCEPTED IN PART AND RELIEF GRANTED;
VACATED AND REMANDED**

COUNSEL

Devin Andrich, Phoenix
*Plaintiff/Appellant/Cross-Appellee*

Thrasher Law, PLLC, Phoenix
By Bobby O. Thrasher, Jr.
*Counsel for Defendants/Appellees/Cross-Appellants*

---

## MEMORANDUM DECISION

Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge Paul J. McMurdie[1] and Judge Samuel A. Thumma joined.

---

**C A T T A N I**, Judge:

**¶1**       Devin Andrich appeals, and Bobby Thrasher and his law firm Thrasher Law (collectively, "Thrasher") cross-appeal, from the superior court's judgment dismissing Andrich's claims against Thrasher. For reasons that follow, we vacate the dismissal and remand for the superior court to expressly determine whether the claims are subject to arbitration, including whether Andrich waived the right to invoke arbitration.

### FACTS AND PROCEDURAL BACKGROUND

**¶2**       Andrich is a former attorney. He was disbarred in 2014 for stealing client funds and other misconduct. He also faced criminal charges related to misappropriating client funds.

**¶3**       Andrich hired the law firm Thrasher Jemsek, PLLC (alleged to be a previous name of Thrasher Law) to represent him in the criminal matter. The engagement agreement, signed by Andrich and by Bobby Thrasher on behalf of the firm, included an arbitration clause applicable to any dispute arising out of the agreement or the representation:

---

[1]       Judge Paul J. McMurdie was a sitting member of this court when the matter was assigned to this panel of the court. He retired effective December 31, 2025. In accordance with the authority granted by Article 6, Section 3, of the Arizona Constitution and A.R.S. § 12-145, the Chief Justice of the Arizona Supreme Court designated Judge Paul J. McMurdie as a judge pro tempore of the Court of Appeals, Division One, for the purpose of participating in the resolution of cases assigned to this panel during his term in office.

In the event of any other[2] dispute, claim, or controversy of any kind or nature arising out of this Agreement or the performance of the legal services hereunder, such dispute shall be resolved through **BINDING ARBITRATION** through the **American Arbitration Association** ["AAA"] in an arbitration proceeding to be conducted in Phoenix, Arizona.

¶4　　　　Andrich ultimately pleaded guilty to fraudulent schemes and artifices, theft, and forgery and was sentenced to 3.5 years in prison followed by concurrent terms of supervised probation. Andrich stipulated to specific restitution amounts totaling nearly $400,000 for 16 victims as part of the plea agreement, and the court ordered restitution accordingly (later slightly reduced without objection at the State's request).

¶5　　　　Andrich sought post-conviction relief regarding restitution, claiming ineffective assistance of counsel and prosecutorial misconduct. The superior court dismissed his petition, and this court denied relief given Andrich's stipulation to the precise restitution amounts awarded. *See generally State v. Andrich*, 1 CA-CR 18-0600 PRPC, 2019 WL 150497 (Ariz. App. Jan. 10, 2019) (mem. decision).

¶6　　　　Andrich then sued Thrasher and others in a civil case that was removed to federal court. As to Thrasher, Andrich alleged aiding and abetting a third party's conversion of some of Andrich's property; abuse of process for "suppress[ing]" and omitting text messages and notes from the client file in Andrich's criminal case to interfere with Andrich's post-conviction proceeding; conversion of that client file; fraudulent concealment of that client file; and abuse of process for threatening legal action in response to Andrich's lawsuit. Thrasher demanded to arbitrate the claims in accordance with the engagement letter's arbitration clause, but Andrich declined, asserting that at least one of his claims arose after the representation had ended. The district court dismissed the case, and the Ninth Circuit affirmed.

¶7　　　　After the dismissal, Andrich filed a demand for arbitration with AAA alleging that the engagement agreement barred Thrasher from representing him "in any post-sentencing matters including any Restitution Hearing," but that Thrasher "vacated Restitution Hearing without

---

2　　　　The agreement elsewhere specified that any fee disputes would be submitted to binding arbitration before the State Bar's Fee Arbitration Committee.

3

[Andrich's] prior knowledge or consent." Thrasher responded to the demand with a letter "declin[ing] to participate in arbitration" because Andrich had "previously refused arbitration and instead elected to continue with his [federal] lawsuit." AAA closed the file.

**¶8** Nearly nine months later, Andrich brought this action against Thrasher. Although asserting claims for breach of the engagement agreement, Andrich did not initially mention or demand arbitration. Andrich alleged Thrasher had breached the engagement agreement by (1) failing to withdraw from post-sentencing matters (including restitution), (2) publishing protected attorney–client communications, and (3) failing to preserve certain communications. He sought punitive damages and other relief.

**¶9** Thrasher moved to dismiss the complaint under Rule 12(b)(6) of the Arizona Rules of Civil Procedure, asserting that the claims were barred by claim preclusion; that the claims sounded in tort, not contract, and were thus time-barred; and that Bobby Thrasher individually (rather than the firm) was not a party to the engagement agreement. Andrich opposed dismissal and filed an amended complaint. *See* Ariz. R. Civ. P. 15(a)(1)(B).

**¶10** In the amended complaint, Andrich noted the engagement agreement's arbitration clause and asked the court to refer arbitrable claims to arbitration. He added alter ego allegations seeking to bind Bobby Thrasher to the terms of the engagement agreement. Andrich restated the three contract claims from the original complaint and added six new claims. One of the new claims alleged breach of the engagement agreement by failure to provide competent and diligent representation. The other five new claims (for breach of contract, consumer fraud, abuse of process, breach of the covenant of good faith and fair dealing, and misrepresentation) related to Thrasher's refusal to participate in AAA arbitration after dismissal of the federal case. Andrich again sought punitive damages and other relief.

**¶11** Thrasher did not file a reply in further support of its motion to dismiss. *Cf.* Ariz. R. Civ. P. 15(a)(3) (noting that amending a pleading while a Rule 12(b)(6) motion is pending does not necessarily moot the motion as to the pleading's allegations as revised). And Thrasher did not answer or otherwise respond to Andrich's amended complaint.

**¶12** In an unsigned minute entry, the superior court granted in part and denied in part Thrasher's motion to dismiss. The court

acknowledged that Andrich's amended complaint was the operative pleading. Treating the motion to dismiss as a request for summary judgment, given the parties' reliance on matters outside the pleadings, *see* Ariz. R. Civ. P. 12(d), the court addressed several claims on the merits ("Merits Claims") and assessed arbitrability of several others ("Referred Claims").

¶13 The Merits Claims were Andrich's breach of contract claims for Thrasher's alleged failure to withdraw from representation, publication of protected communications, failure to preserve communications, and failure to provide competent and diligent representation, as well as his good-faith-and-fair-dealing claim. The court reasoned that, although these allegations asserted breach of Thrasher's ethical and professional obligations, the engagement agreement did not make these *contractual* duties. The court thus found no breach of contract as a matter of law. The court also found no basis for punitive damages based on any contract claim. As a result, the court dismissed the Merits Claims with prejudice. The court did not address the engagement agreement's arbitration clause concerning the Merits Claims.

¶14 The Referred Claims were those premised on Thrasher's refusal to participate in arbitration when Andrich filed his demand with AAA, stated as causes of action for breach of contract, consumer fraud, abuse of process, and misrepresentation. The court acknowledged that the engagement agreement included an arbitration provision reaching "any other dispute, claim, or controversy of any kind or nature arising out of [the engagement agreement] or the performance of the legal services hereunder." Because the arbitration clause was itself a contractual obligation, the court reasoned that each of the claims premised on Thrasher's failure to arbitrate arose out of the engagement agreement and was thus subject to arbitration. The court referred these claims to arbitration, placing the case on the dismissal calendar for three months (giving Andrich time to initiate arbitration of the Referred Claims with AAA) after which the Referred Claims would be dismissed without prejudice.

¶15 Andrich filed a notice of appeal from that ruling. The appeal was transferred to Division Two, *see* A.R.S. § 12-120(E), and later dismissed when Andrich failed to pay the filing fee. Meanwhile, Thrasher filed a motion for new trial challenging the disposition of the Referred Claims, which Andrich opposed.

¶16     The superior court denied the motion for new trial, reaffirming its ruling that the Referred Claims were subject to arbitration (and that Thrasher could raise any relevant defenses in that forum).  Noting that Andrich had not initiated arbitration, prosecuted the case in superior court, or prosecuted his appeal for more than three months since its prior ruling, the court dismissed the entire case in a final judgment under Rule 54(c).

¶17     Andrich timely appealed from that judgment, and Thrasher timely cross-appealed.

## DISCUSSION

¶18     Andrich challenges the superior court's dismissal of the Merits Claims with prejudice, asserting that these claims are subject to arbitration.  He also contests the ruling dismissing the Referred Claims.  Thrasher's cross-appeal challenges only the court's ruling referring the Referred Claims to arbitration (and only if we reverse the dismissal of the Merits Claims).

## I.     Jurisdiction on Appeal.

¶19     Although neither side raises the issue, we have an obligation to determine whether (or to what extent) this court has appellate jurisdiction.  *See Sorensen v. Farmers Ins. Co.*, 191 Ariz. 464, 465 (App. 1997).  The superior court dismissed the Merits Claims with prejudice in a Rule 54(c) judgment, meaning that its ruling is a final judgment as to these claims over which we have appellate jurisdiction under A.R.S. § 12-2101(A)(1).

¶20     But the court dismissed the Referred Claims without prejudice.  Although the final dismissal order is silent on the issue, *cf.* Ariz. R. Civ. P. 41(b) (involuntary dismissal operates as an adjudication on the merits unless stated otherwise), the court's initial order referring these claims to arbitration expressly stated that, after three months on the dismissal calendar, they would be "dismissed without prejudice."  *See also* Ariz. R. Civ. P. 38.1(d)(2) (dismissal from the dismissal calendar is without prejudice).

¶21     Dismissal without prejudice is not a final adjudication of a claim and thus generally is not appealable as a final judgment.  *See McMurray v. Dream Catcher USA, Inc.*, 220 Ariz. 71, 74, ¶ 4 (App. 2009).  And although our Legislature has statutorily permitted immediate appeal from certain arbitration-related orders and non-final judgments, it has not done so for an order referring a matter to arbitration.  *See* A.R.S. § 12-

2101.01(A)(1); *S. Cal. Edison Co. v. Peabody W. Coal Co.*, 194 Ariz. 47, 52, ¶ 16 (1999); *Ruesga v. Kindred Nursing Centers, L.L.C.*, 215 Ariz. 589, 594, ¶ 15, (App. 2007).

**¶22** We thus lack appellate jurisdiction to consider the parties' challenges to the Referred Claims. Addressing the proper disposition of the Referred Claims now, however, serves efficient case management by permitting the assessment of the arbitrability of all of Andrich's claims. *See* RPSA 12(b)(7); *see also S. Cal. Edison Co.*, 194 Ariz. at 53, ¶ 18. Accordingly, despite the lack of appellate jurisdiction, we exercise our discretion to accept special action jurisdiction over this portion of the appeal and cross-appeal. *See* RPSA 11(e); *see also* A.R.S. § 12-120.21(A)(4).

## II. Merits Claims.

**¶23** Andrich argues that the superior court erred by addressing the substance of the Merits Claims rather than referring them to arbitration pursuant to the engagement agreement's arbitration clause. We review de novo the superior court's implicit denial of a request to refer claims to arbitration. *Ruesga*, 215 Ariz. at 596, ¶ 23; *Sun Valley Ranch 308 Ltd. P'ship v. Robson*, 231 Ariz. 287, 291, ¶ 9 (App. 2012).

**¶24** "Although it is commonly said that the law favors arbitration, it is more accurate to say that the law favors arbitration of disputes that the parties have agreed to arbitrate." *S. Cal. Edison Co.*, 194 Ariz. at 51, ¶ 11. To that end, when a party presents an agreement to arbitrate and alleges the opposing party refuses to comply, the court must "order the parties to arbitrate unless it finds that there is no enforceable agreement to arbitrate." A.R.S. §§ 12-3007(A)(2), -3006(B) ("The court shall decide whether an agreement to arbitrate exists or a controversy is subject to an agreement to arbitrate."). An arbitration agreement "is valid, enforceable and irrevocable except on a ground that exists at law or in equity for the revocation of a contract." A.R.S. § 12-3006(A). If the court finds no such agreement or that the arbitration agreement is unenforceable, it may not order arbitration. A.R.S. § 12-3007(C). But "[t]he court may not refuse to order arbitration because the claim subject to arbitration lacks merit or grounds for the claim have not been established." A.R.S. § 12-3007(D).

**¶25** The superior court here acknowledged that Andrich's amended complaint (which sought to invoke arbitration) was the operative pleading, found the engagement agreement's arbitration clause created an obligation to arbitrate, and in fact addressed arbitrability of the Referred Claims. But the court did not address arbitrability of the Merits Claims.

Although the court noted that the Merits Claims related to ethical obligations rather than the contractual obligations stated in the engagement agreement, the arbitration clause at issue reaches disputes arising both out of the contract itself and also out of "the performance of the legal services." *See Emps. Mut. Cas. Co. v. DGG & CAR, Inc.*, 218 Ariz. 262, 267, ¶ 24 (2008) ("When the provisions of the contract are plain and unambiguous upon their face, they must be applied as written . . . .") (quotation omitted). The questionable viability of these claims is not a defense to arbitration. A.R.S. § 12-3007(D).

**¶26** Accordingly, we vacate the dismissal of the Merits Claims. Given this ruling, we need not address Andrich's assertion that the court's ruling infringed his First Amendment right "to petition the Government for a redress of grievances." U.S. Const. amend. I.

### III. Referred Claims.

**¶27** Thrasher argues that the superior court erred by addressing the Referred Claims and Andrich's request to arbitrate, all added in the amended complaint, without waiting for its answer or other response to the amended complaint. As Thrasher points out, a defendant has a right to respond to an amended complaint. *See* Ariz. R. Civ. P. 15(a)(5); *cf. Campbell v. Deddens*, 21 Ariz. App. 295, 297 (App. 1974) (recognizing a defendant's right to respond to a materially amended complaint). Thrasher did not respond to the amended complaint within the requisite time, *see* Ariz. R. Civ. P. 15(a)(5) (10 days to respond after service of amended complaint), but such silence does not justify an adverse ruling except by default, a procedure not applicable here, *see* Ariz. R. Civ. P. 55. Although the superior court reasonably construed the scope of the engagement agreement's arbitration clause to reach these claims, by doing so *sua sponte*, it deprived Thrasher of a meaningful opportunity to present counterarguments to the enforceability of the arbitration clause.

**¶28** We thus grant relief by vacating the dismissal and the court's ruling referring these claims to arbitration. Our ruling here moots Andrich's challenge to the dismissal of the Referred Claims.

### IV. Remand.

**¶29** Because of the existence of an agreement to arbitrate in the engagement agreement and Andrich's late-stage invocation of that clause, the initial issue on remand is the arbitrability of Andrich's claims. *See* A.R.S. § 12-3007(A); *see also* A.R.S. § 12-3006(B) (noting the court's role in "decid[ing] whether an agreement to arbitrate exists" or whether the

"controversy is subject to" arbitration). Mindful that arbitration agreements are "valid, enforceable and irrevocable except on a ground that exists at law or in equity for the revocation of a contract," A.R.S. § 12-3006(A), the superior court on remand is tasked with determining whether the engagement agreement's arbitration clause is an "enforceable" agreement to arbitrate, *see* A.R.S. § 13-3007(A)(1), (C).

¶30 Thrasher urges that Andrich waived (or is estopped from demanding) arbitration because he rejected Thrasher's demand to arbitrate the federal case and instead pursued litigation. Contrary to Andrich's cursory assertion, a party to an arbitration agreement may waive arbitration (in effect, repudiate the arbitration clause) by conduct inconsistent with invoking arbitration—as by seeking redress in the courts and seeking the same relief the arbitrator could grant. *See, e.g., Bolo Corp. v. Homes & Son Constr. Co.*, 105 Ariz. 343, 347 (1970); *In re Noel R. Shahan Irrevocable & Inter Vivos Tr.*, 188 Ariz. 74, 77–78 (App. 1996); *Rancho Pescado, Inc. v. N.W. Mut. Life Ins. Co.*, 140 Ariz. 174, 181 (App. 1984); *EFC Dev. Corp. v. F.F. Baugh Plumbing & Heating Inc.*, 24 Ariz. App. 566, 569 (App. 1975). We decline to address this fact-intensive issue in the first instance on appeal, without prejudice to the superior court addressing the waiver argument on remand.

¶31 If the court determines the claims are subject to an enforceable agreement to arbitrate, it must order arbitration—without addressing the merits of the claims—and may stay the judicial proceedings "on just terms." A.R.S. § 12-3007(A)(2), (D), (G). If it determines that the arbitration agreement is not enforceable because of waiver, estoppel, or any other cognizable ground, *see* A.R.S. § 12-3006(A), it may not order arbitration and may instead decide the case on the merits in the ordinary course. A.R.S. § 12-3007(C). The possible defenses Thrasher asserts must be addressed in the appropriate forum after the determination of arbitrability is made.

## V. Attorney's Fees and Costs on Appeal.

¶32 Thrasher requests an award of attorney's fees on appeal but fails to state a substantive basis for such an award as required by ARCAP 21(a)(2). We thus deny the fee request. As Andrich is the prevailing party on appeal, we award him his taxable costs on appeal upon compliance with ARCAP 21.

## CONCLUSION

¶33 We have appellate jurisdiction to review the ruling on the Merits Claims, and we accept special action jurisdiction in part to consider

the parties' challenges to the disposition of the Referred Claims. We vacate the dismissal and remand for a determination of arbitrability.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**: JR