IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

| | | |
|---|---|---|
| SOUTHWEST GAS CORPORATION, a California corporation; and BRET TAYLOR, | ) ) ) | 2 CA-SA 2011-0107 DEPARTMENT B |
| Petitioners, | ) ) | O P I N I O N |
| v. | ) ) | |
| HON. CHARLES A. IRWIN, Judge of the Superior Court of the State of Arizona, in and for the County of Cochise, | ) ) ) ) | |
| Respondent, | ) ) | |
| and | ) ) | |
| BRIZA GRUBB, individually and as surviving spouse of MICHAEL GRUBB; BRIZA GRUBB, for and on behalf of her minor children, ALEXANDRO GRUBB and EMILY GRUBB; BRIZA GRUBB as Personal Representative of the ESTATE OF MICHAEL GRUBB, | ) ) ) ) ) ) ) ) | |
| Real Parties in Interest. | ) ) ) | |

SPECIAL ACTION PROCEEDING

Cochise County Cause No. CV200800099

JURISDICTION ACCEPTED; RELIEF GRANTED

Jennings, Strouss & Salmon, P.L.C.
  By Michael J. O'Connor and John J. Egbert                     Phoenix

Attorneys for Petitioners

Penilla Metzger, PLLC
  By Nathan T. Metzger and Perry E. Casazza

Phoenix
Attorneys for
Real Parties in Interest

E S P I N O S A, Judge.

¶1        Southwest Gas Corp. and its employee Bret Taylor (referred to jointly as Southwest Gas), are two of multiple defendants in the underlying wrongful death action filed by real party in interest Briza Grubb (Grubb). In this special action, Southwest Gas challenges the respondent judge's orders in which he concluded that, because Grubb had appealed the judgment entered in favor of another defendant, he lacked jurisdiction to conduct further proceedings involving defendants who are not parties to that judgment and was required to stay all further proceedings. We accept jurisdiction and grant relief for the reasons stated below.

### Factual Background and Procedural History

¶2        The relevant facts and procedural history of this special action are as follows. Grubb's late husband Michael Grubb was severely injured when a DESA Glo-Warm gas space heater he had purchased at B & D Lumber in Douglas, Arizona exploded as he attempted to ignite the pilot light. Michael died about three months later as a result of his injuries. On behalf of herself individually as Michael's surviving spouse and their two children, and as personal representative of Michael's estate, Grubb filed a complaint against numerous defendants, including Southwest Gas; D.D.E.K. Corp. d/b/a B & D

2

Lumber & Hardware; Do It Best Corporation (DIB), a wholesaler of the heater; DESA, the manufacturer of the heater; and various other defendants. The respondent judge granted DIB's motion for summary judgment and signed and filed a judgment on July 18, 2011. Pursuant to Rule 54(b), Ariz. R. Civ. P., the judgment stated there was "no just reason for delay," directed "entry of judgment in favor of" DIB and against Grubb, and dismissed with prejudice all of Grubb's claims against DIB. Grubb filed a notice of appeal from that judgment on August 17; that appeal is now pending before this court. *See* No. 2 CA-CV 2011-0140.

¶3 In mid-September 2011, the respondent judge directed the parties to address his concern that he had "lost jurisdiction to hear the Summary [J]udgment Motions [before him] due to the pending Appeal." In Grubb's responsive memorandum, she stated, "[T]he filing of the Notice of Appeal divested the Superior Court of jurisdiction over all claims pending the Court of Appeals' anticipated ruling on Plaintiffs' appeal of the judgment entered in favor of Defendant Do It Best Corporation," and that the respondent should stay all further proceedings in the trial court. Southwest Gas disagreed, stating in its memorandum that the certification of the judgment in favor of DIB as final pursuant to Rule 54(b) had been proper, the judgment was final and appealable, and the action against different defendants could proceed. Grubb filed a subsequent memorandum restating her request that the respondent stay the proceedings and suggesting the respondent should issue the stay in the exercise of his discretion for reasons of efficiency. She argued that claims such as strict liability based on products-liability law applied to all defendants and it would be more efficient for the respondent to

3

stay further proceedings against the remaining defendants pending this court's determination of that issue on appeal in order to avoid this court having to decide the same issue more than once.

¶4 The respondent judge issued an order staying all further proceedings. Southwest Gas and other defendants then filed a Joint Motion to Lift Stay. The respondent denied the motion, stating that the appeal had "divested [him] of jurisdiction." For that reason, he "decline[d]" to rule on the motion to lift the stay, stating he had "no authority to make such ruling and the appropriate forum to make such request is the Court of Appeals." This special action followed.

**Special Action Jurisdiction**

¶5 In her response to Southwest Gas's petition, Grubb focuses primarily on why we should not accept jurisdiction. But we find there are a number of significant reasons justifying our discretionary acceptance of special action jurisdiction here. *See Potter v. Vanderpool*, 225 Ariz. 495, ¶ 6, 240 P.3d 1257, 1260 (App. 2010) ("Whether to accept special action jurisdiction is for this court to decide in the exercise of our discretion."). First, Southwest Gas cannot challenge the respondent judge's orders by direct appeal because they are interlocutory orders. *See id*. ¶ 7 (acceptance of special action jurisdiction appropriate when challenged ruling is interlocutory); *see also* Ariz. R. P. Spec. Actions 1(a) (special action available to litigant without equally plain, speedy, or adequate remedy by appeal).

¶6 Second, we are inclined to accept special action jurisdiction when a party cannot obtain justice by other means. *See State ex rel. Romley v. Hutt*, 195 Ariz. 256,

4

¶ 5, 987 P.2d 218, 221 (App. 1999). Southwest Gas asserts it has no avenue for obtaining relief from the ongoing harm other than by special action because the respondent judge has issued a stay pending "the conclusion of the . . . appeal" and has "thereby prejudic[ed] all the remaining parties and thwart[ed] the efficient administration of justice." It adds that once the appeal is resolved, the issue raised here will be moot, another factor that is relevant to our decision whether to accept jurisdiction. *See Costa v. Mackey*, 227 Ariz. 565, ¶ 6, 261 P.3d 449, 453 (App. 2011).

**¶7**            Additionally, when, as here, the special action presents a pure question of law, it is particularly appropriate for us to accept jurisdiction.    *State ex rel. Thomas v. Gordon*, 213 Ariz. 499, ¶ 8 & n.2, 144 P.3d 513, 515 & n.2 (App. 2006). The question whether the respondent judge was divested of jurisdiction to proceed with the litigation against other defendants once Grubb filed a notice of appeal from the DIB judgment is solely a question of law.    *See Fry v. Garcia*, 213 Ariz. 70, ¶ 6, 138 P.3d 1197, 1199 (App. 2006).   So, too, is the interpretation and application of a procedural rule like Rule 54(b).   *See King v. Titsworth*, 221 Ariz. 597, ¶ 8, 212 P.3d 935, 936 (App. 2009) (interpretation of Rule 54(g), Ariz. R. Civ. P., question of law appellate court reviews de novo); *Adrian E. v. Ariz. Dep't of Econ. Sec.*, 215 Ariz. 96, ¶ 9, 158 P.3d 225, 228 (App. 2007) (application of procedural rule is question of law reviewed de novo).   Although trial courts are vested with the discretion to decide whether a judgment should be certified as final pursuant to Rule 54(b), a decision we will not disturb absent an abuse of that discretion, *Cont'l Cas. v. Superior Court*, 130 Ariz. 189, 191-92, 635 P.2d 174, 176-77 (1981); *Kim v. Mansoori*, 214 Ariz. 457, ¶ 6, 153 P.3d 1086, 1088 (App. 2007),

"whether 'the judgment in fact is'" final is another question of law that we review de novo, *Mansoori*, 214 Ariz. 457, ¶ 6, 153 P.3d at 1088, *quoting Davis v. Cessna Aircraft Corp.*, 168 Ariz. 301, 304, 812 P.2d 1119, 1122 (App. 1991).

**Discussion**

¶8        Section 12-2101(A)(1), A.R.S., gives this court jurisdiction of appeals "[f]rom a final judgment."  *See also* § 12-2101(B) (order or judgment of the kind identified in subsection (A) of statute "is appealable"); *Mansoori*, 214 Ariz. 457, ¶ 6, 153 P.3d at 1088 ("Generally, appellate court jurisdiction is 'limited to final judgments which dispose of all claims and all parties.'"), *quoting Musa v. Adrian*, 130 Ariz. 311, 312, 636 P.2d 89, 90 (1981).  When a party files a notice of appeal from a final judgment, it "generally divests the trial court of jurisdiction to proceed except in furtherance of the appeal."  *Castillo v. Indus. Comm'n*, 21 Ariz. App. 465, 467, 520 P.2d 1142, 1144 (1974).  But, the court added in *Castillo*, "this general principle is subject to many equally well established exceptions," among which is that a trial court retains jurisdiction to address matters pending before it that do not relate to an intermediate or interlocutory order from which an appeal has been taken.  *Id*. at 467 & 467-68, 520 P.2d at 1144 & 1144-45.

¶9        Rule 54(b) contemplates the latter exception.  It provides that in a multi-party or multi-claim action, a trial court "may direct the entry of final judgment as to one or more but fewer than all of the claims or parties . . . upon an express determination that there is no just reason for delay."  "'In interpreting rules, we apply the same principles we use in interpreting statutes.'"  *Osterkamp v. Browning*, 226 Ariz. 485, ¶ 14, 250 P.3d 551,

6

555 (App. 2011), *quoting State v. Petty*, 225 Ariz. 369, ¶ 7, 238 P.3d 637, 640 (App. 2010). We therefore must determine and give effect to the intent of the supreme court in promulgating the rule, "keeping in mind that the best reflection of that intent is the plain language of the rule." *Id.*, *quoting Potter*, 225 Ariz. 495, ¶ 8, 240 P.3d at 1260. If a rule is clear and unambiguous, "we will not employ other principles of construction to determine its meaning and the supreme court's intent in promulgating it." *Id.*

¶10 The language of Rule 54(b) is clear and unambiguous. It plainly permits trial courts to enter judgments as to fewer than all claims or all parties in a multi-count, multi-party proceeding. Ariz. R. Civ. P. 54(b). As our supreme court has explained, the rule "is designed as a compromise between the policy against interlocutory appeals and the desirability, in a few cases, of an immediate appeal to prevent an injustice." *S. Cal. Edison Co. v. Peabody W. Coal Co.*, 194 Ariz. 47, ¶ 19, 977 P.2d 769, 775 (1999). By permitting trial courts to certify a judgment as final and appealable as to one but not all parties, the rule essentially allows that piece of the case to be severed from the rest. It is logical, if not axiomatic, that the rule thereby permits the portion of the case that is not part of the appeal to proceed in the trial court while the appeal moves forward. *See In re Reymundo F.*, 217 Ariz. 588, ¶ 5, 177 P.3d 330, 332 (App. 2008) (common sense utilized when interpreting and applying procedural rules).

¶11 In *Egan-Ryan Mechanical Co. v. Cardon Meadows Development Corp.*, 169 Ariz. 161, 166-67, 818 P.2d 146, 151-52 (App. 1990), this court addressed the question whether the trial court retained jurisdiction when judgment had been entered on some but not all of the claims alleged in a multi-count complaint and counterclaim.

7

Relying on *Castillo*, the court concluded the appeal from a judgment on certain counts of the complaint and counterclaim properly certified under Rule 54(b), did "not divest the trial court of jurisdiction to enter judgment on the[] [remaining] counts," adding, the court "could do so at any time." *Id.* at 166, 818 P.2d at 151.

¶12 Based on the clear language of Rule 54(b) and pertinent case law, *Egan-Ryan* in particular, we conclude trial courts generally retain jurisdiction to address matters unrelated to the appeal of a judgment properly certified as final. As noted earlier, it is for a trial judge to decide, in the exercise of his or her discretion, whether to certify a judgment as final. *S. Cal. Edison Co.*, 194 Ariz. 47, ¶ 19, 977 P.2d at 775. But once the judge "enters a Rule 54(b) judgment, it then would be a final appealable order under A.R.S. § 12-2101(B)." *Id.*; *see also Snell v. McCarty*, 130 Ariz. 315, 317, 636 P.2d 93, 95 (1981) (appealable judgment must contain required determinations under rule). That an order or judgment contains Rule 54(b) language, however, does not make it final and appealable; the certification also must be substantively warranted. *See Musa*, 130 Ariz. at 313, 636 P.2d at 91. "A claim is separable from others remaining to be adjudicated when the nature of the claim already determined is 'such that no appellate court would have to decide the same issues more than once even if there [a]re subsequent appeals.'" *Cont'l Cas. v. Superior Court*, 130 Ariz. at 191, 635 P.2d at 176, *quoting Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980).

¶13 For purposes of this special action, we presume the DIB judgment was properly certified as final pursuant to Rule 54(b). The parties do not dispute the finality of the judgment and propriety of Rule 54(b) certification and nowhere in her response to

8

the special action petition does Grubb claim otherwise. Although she opposed the certification of the judgment in the trial court by objecting to the lodged judgment, she treated it as final once entered and regarded the appeal as properly before this court. She filed a notice of appeal and has prosecuted the appeal actively, filing her opening and reply briefs.

¶14 Additionally, in her response to the special action petition Grubb implicitly concedes the DIB judgment was properly certified as final by arguing that Southwest Gas either has waived the right to challenge the judgment because it did not object in the trial court when the judgment was lodged, or lacks standing to challenge the judgment in this special action because it is not a party to that judgment. Southwest Gas questioned the propriety of the DIB judgment in this special action, but only as part of its alternative argument that if Rule 54(b) certification had been improper, the appeal from that judgment must be dismissed, "which in turn will allow the trial court to proceed with the litigation of the remaining claims." Grubb urges us to not consider and give "absolutely no weight whatsoever" to Southwest Gas's argument, essentially conceding the judgment properly contained Rule 54(b) language and was a final, appealable judgment. Grubb thereby has effectively defended the propriety of the respondent judge's inclusion of Rule 54(b) language in the judgment. Moreover, nothing in the record provided establishes the respondent erred as a matter of law by certifying the DIB judgment as final pursuant to Rule 54(b).[1]

---

[1]But even if the respondent judge erred by certifying the DIB judgment as final and appealable pursuant to Rule 54(b), the filing of the notice of appeal would have been

9

¶15 We summarily reject Grubb's surprising, if not disingenuous, argument that we should decline jurisdiction of this special action because, even if the respondent judge erred in concluding he was divested of jurisdiction when Grubb filed her appeal, the respondent had the inherent discretion to stay all further proceedings before him pending the outcome of the appeal. She asserts our review of this discretionary decision would be for an abuse of discretion, and argues there is no evidence the respondent's decision to stay proceedings was "arbitrary and capricious." Based on the record before us, however, the respondent clearly did not issue the stay as an exercise of his general discretion over his calendar and docket, as Grubb suggests. Rather, he expressly determined he lacked jurisdiction to proceed because Grubb had appealed the DIB judgment.

**Disposition**

¶16 We conclude the respondent judge abused his discretion, having erred as a matter of law by ruling that the filing of a notice of appeal from the DIB judgment divested him of jurisdiction to conduct further proceedings involving remaining defendants. Southwest Gas therefore is entitled to relief. *See* Ariz. R. P. Spec. Actions 3(c) (abuse of discretion among bases for granting special action relief); *see also Potter*, 225 Ariz. 495, ¶ 14, 240 P.3d at 1262 (court abuses discretion by committing legal error).

---

a nullity and would not have divested the respondent of jurisdiction to proceed. *See Craig v. Craig*, 227 Ariz. 105, ¶ 13, 253 P.3d 624, 626 (2011) ("a notice of appeal filed in the absence of a final judgment . . . is 'ineffective' and a nullity"), *quoting Smith v. Ariz. Citizens Clean Elections Comm'n*, 212 Ariz. 407, ¶ 39, 132 P.3d 1187, 1195 (2006). Our decision in this special action, however, is based on the assumption that the DIB judgment properly contained Rule 54(b) language and was a final, appealable judgment, which is consistent with the positions maintained by the parties and the respondent.

Accordingly, we vacate the stay order and direct the respondent to conduct further proceedings consistent with this decision.

/s/ *Philip G. Espinosa*
PHILIP G. ESPINOSA, Judge

CONCURRING:

/s/ *Garye L. Vásquez*
GARYE L. VÁSQUEZ, Presiding Judge

/s/ *Virginia C. Kelly*
VIRGINIA C. KELLY, Judge

11