NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL AND
MAYBE BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

SANDRA J. HOPE, a single person,
*Plaintiff/Appellant*,

*v.*

RENAUD COOK DRURY MESAROS, P.A., an Arizona professional association corporation; DAVID E. MCDOWELL, JAMES L. BLAIR, WILLIAM W. DRURY, JR., RICHARD H. GOLDBERG, CAROL M. ROMANO, BARRY P. HOGAN, MARK E. GOVE, and JOHN A. KLECAN; CAMPANA, VIEH & LOEB, PLC, a professional limited liability company; DONALD O. LOEB; THUR & O'SULLIVAN, P.C., a professional corporation; CALVIN THUR, *Defendants/Appellees*.

No. 1 CA-CV 13-0641

FILED 2-5-2015

Appeal from the Superior Court in Maricopa County
No.  CV2012-070090
The Honorable Michael D. Gordon, Judge;
The Honorable Thomas L. LeClaire, Judge;
The Honorable Michael R. McVey, Judge (Ret.);
The Honorable Colleen L. French, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Sandra J. Hope, Peoria
*Plaintiff/Appellant Pro Se*

Broening Oberg Woods & Wilson, P.C., Phoenix
By Robert T. Sullivan, Brian W. Purcell, Jathan P. McLaughlin
*Attorneys for Renaud Cook Drury Mesaros, P.A.*

Dickinson Wright, PLLC, Phoenix
By Jonathan S. Batchelor
*Attorneys for Campana, Vieh & Loeb, PLC, and Donald Loeb*

Thur & O'Sullivan, P.C., Calvin C. Thur, Phoenix
By Calvin C. Thur
*Attorney for Thur & O'Sullivan, P.C.*

*Counsel for Defendants/Appellees*

---

**MEMORANDUM DECISION**

Judge Randall M. Howe delivered the decision of the Court, in which Presiding Judge Patricia A. Orozco and Judge Maurice Portley joined.

---

**H O W E**, Judge:

**¶1**        Sandra J. Hope appeals the trial court's orders (1) granting summary judgment in favor of Renaud Cook Drury & Mesaros, P.A. ("RCDM"); David E. McDowell, James L. Blair, William W. Drury, Jr., Richard H. Goldberg, Carol M. Romano, Barry P. Hogan, Mark E. Gove, and John A. Klecan; Campana, Vieh & Loeb, PLC ("CVL"); and Donald O. Loeb; (2) dismissing Thur & O'Sullivan, P.C. ("TO") and Calvin C. Thur; and (3) striking her proposed legal malpractice standard of care expert witness. We find no error and therefore affirm.

**FACTS AND PROCEDURAL HISTORY**

**¶2**        In July 2006, Hope contacted RCDM seeking representation for a malpractice claim against two dentists. Hope alleged that in 1996, a dentist improperly performed a root canal. As a result of the botched root canal, another dentist had to put a permanent crown on that tooth. Hope alleged, however, that the second dentist left a cotton pellet under the tooth, which she did not discover until a third dentist found it in 2006 while replacing the crown. Hope alleged that the cotton pellet caused her ear pain,

headaches, anxiety/stress, interstitial cystitis, a urinary tract infection, a clostridium difficile ("C-diff") infection, and bad breath/taste.

¶3            In February 2008, RCDM filed a complaint on behalf of Hope, alleging malpractice on the part of the two dentists, their spouses, their business entity and business partner, and "other healthcare professionals who rendered health care services to Hope . . . whose true names are unknown to Hope at present." A few months later, RCDM notified Hope that it was withdrawing as her counsel because it was unable to find an expert to testify that the alleged dental malpractice caused Hope's injuries. The trial court granted RCDM's motion to withdraw.

¶4            Hope then went to Loeb and CVL. CVL agreed to represent Hope and filed a notice of appearance. During the representation, Loeb approached Thur for funds to pay legal costs associated with Hope's case and for strategic advice. Although Loeb and Thur spoke about the possibility of Thur's becoming cocounsel, they never agreed to jointly represent Hope and never prepared or signed any agreement to act as cocounsel.

¶5            CVL found Dr. Joseph Silva to testify as the causation expert. At trial, Dr. Silva testified that Hope's injuries, excluding the bad breath/taste, could have been caused by conditions unrelated to the alleged dental malpractice. His review of Hope's dental records only revealed one instance where she complained of bad breath/taste.

¶6            After Hope rested her case-in-chief, the defendants moved for judgment as a matter of law pursuant to Arizona Rule of Civil Procedure 50. The trial court granted the motion for claims made for ear pain, headaches, anxiety/stress, interstitial cystitis, urinary tract infection, and C-diff, but denied it for claims made for bad breath/taste, intermittent fatigue, fevers, sweats, and general malaise. For the remaining issues, the jury returned a full defense verdict. Hope moved for a new trial, but it was denied. CVL subsequently moved to withdraw as Hope's counsel without consent, which was granted.

¶7            In July 2012, Hope filed a pro se legal malpractice suit against her former attorneys and their firms, alleging that the parties engaged in various acts or omissions to act that adversely affected her dental malpractice suit. After Hope served the defendants, the trial court quashed Hope's service of attorney Gove of RCDM. However, she later successfully served Gove, and he participated in the defense.

¶8         The complaint also listed Thur and TO as defendants, alleging that they impermissibly acted as undisclosed cocounsel with CVL. They moved for dismissal pursuant to Arizona Rule of Civil Procedure 12(b)(6). The trial court granted the motion and dismissed the claims against Thur and TO with prejudice because Hope's complaint failed to state a cause of action against them and amending the complaint would not cure the defect. Hope moved to vacate the order, but it was denied.

¶9         Hope later mailed her first set of requests for admissions to Loeb, but not his attorney. Loeb failed to timely respond to the request. Loeb's counsel moved for leave to amend the responses, stating that Loeb's failure to timely respond "was due to simple oversight" and no party would be prejudiced if he was allowed to amend his responses because discovery had not been completed and trial had not been set. The trial court granted the motion. Hope's proposed attorney expert witness, Michael Bynane, was subsequently disqualified to testify about the standard of care of attorneys in Arizona. Hope did not find a replacement or disclose any other standard of care expert.

¶10         The remaining defendants then moved for summary judgment, and the trial court granted the motions. The court found that "no genuine issues of material fact exist as to the underling claim for legal malpractice, which stems from the 'case within a case' action brought on behalf of Plaintiff." The court also found no evidence that all of Hope's medical ailments resulted from the cotton pellet being left in her mouth or that defendants failed to properly assert her claim before the jury. It noted that in the original suit, the trial court dismissed all but two theories of potential liability and the jury returned a full defense verdict. The court also noted that the legal rationale for its ruling was set forth in the defendants' motions.

¶11         On September 19, 2013, Hope moved for reconsideration and for findings of fact and conclusions of law and filed a notice of appeal.[1]

---

[1] In February 2013, the trial court ordered Hope to post $5,000 bond as a security for costs pursuant to Arizona Rule of Civil Procedure 67(d). In response to RCDM's motion regarding the bond, we ordered released $1,387.90 to its counsel. Hope then moved to exonerate the remaining bond before the trial court, but that court declined to rule on the motion, stating that it no longer had jurisdiction. Hope thus moved for us to either order the trial court to exonerate the bond or remand the case to that court. We

**DISCUSSION**

### 1. Motion for Summary Judgment

**¶12**        Hope argues that the trial court erred by granting summary judgment because the defendants failed to properly bring her claim before the jury. Summary judgment may be granted when no genuine issue as to any material fact exists, and the moving party is entitled to judgment as a matter of law. Ariz. R. Civ. P. 56(c)(1). We review a summary judgment order de novo. *Cannon v. Hirsch Law Office, P.C.*, 222 Ariz. 171, 174 ¶ 7, 213 P.3d 320, 323 (App. 2009). We view the evidence and reasonable inferences "in the light most favorable to the party opposing the motion." *Wells Fargo Bank v. Ariz. Laborers Local No. 395 Pension Trust Fund*, 201 Ariz. 474, 482 ¶ 13, 38 P.3d 12, 20 (2002).

**¶13**        In Arizona, a plaintiff asserting legal malpractice must prove that a duty existed, the duty was breached, the defendant's negligence actually and proximately caused the injury, and that the plaintiff suffered damages. *Glaze v. Larsen*, 207 Ariz. 26, 29 ¶ 12, 83 P.3d 26, 29 (2004) (internal quotation marks and citation omitted). Moreover, when complaining that the attorney was negligent in a medical malpractice case, "[a] necessary part of the legal malpractice plaintiff's burden of proof of proximate cause is to establish that 'but for' the attorney's negligence, [the plaintiff] would have been successful in the prosecution or defense of the original suit." *Id.* "[T]he plaintiff must convince the trier of fact in the malpractice suit that a reasonable judge or jury would have decided in [his or her] favor in the underlying action but for the attorney's negligence" —commonly referred to as the case-within-the-case doctrine. *Collins v. Miller & Miller, Ltd.*, 189 Ariz. 387, 396, 943 P.2d 747, 756 (App. 1996).

**¶14**        Because the original suit was a dental malpractice action, to prove the case-within-a-case, a plaintiff had to demonstrate through expert medical testimony that: (1) the health care provider failed to exercise the degree of care, skill, and learning expected of a reasonable, prudent health care provider in the profession or class to which he or she belongs acting in the same or similar circumstances; and (2) the failure was a proximate cause of the injury. *See* A.R.S. § 12–563; *Barrett v. Harris*, 207 Ariz. 374, 378, 380 ¶¶ 12, 20, 86 P.3d 954, 958, 960 (App. 2004) (providing that expert medical testimony is required to establish whether a causal connection between an

denied that motion and also another motion to remand this appeal to allow the trial court to rule on other motions. We also directed the trial court to rule on the pending motions to exonerate the bond, which it did.

act and the ultimate injury exists and whether a physician breaches a duty by falling below the accepted standard of care).

¶15        Here, Hope asserts that her attorneys were negligent in the prosecution of the original suit. During that trial, the trial court dismissed all but two theories of potential liability at the close of Hope's case because it found insufficient evidence "for a reasonable jury to find for plaintiff as to any claims made for ear pain, headaches, anxiety/stress, interstitial cystitis, urinary tract infection, or C-diff."

¶16        Hope has two problems on appeal. First, in the absence of claiming that her attorney negligently hired her trial expert, which she did not allege, her expert testified in the original suit and she did not appeal that trial court's rulings or resulting verdict. Hope's causation expert testified that her injuries, excluding the bad breath/taste, could have been caused by conditions unrelated to the alleged dental malpractice. Moreover, the jury subsequently determined that the facts did not support liability on the remaining theories—bad breath/taste and intermittent fatigue, fevers, sweats, and general malaise—and found for the defendants. Therefore, the evidence presented in this case does not create a genuine issue of material fact requiring a jury to hear that but for her attorneys' negligence, she would have prevailed in the original suit. *See Collins*, 189 Ariz. at 396, 943 P.2d at 756.

¶17        Second, Hope failed to demonstrate that her attorneys' actions in the original suit fell below the applicable of standard of care. *See id.* at 394, 943 P.2d at 754. Although she hired Bynane as her standard of care expert, the trial court found that he was not qualified to testify as to the standard of care for attorneys in Arizona, and she did not disclose another expert. *See Riedisser v. Nelson*, 111 Ariz. 542, 544, 534 P.2d 1052, 1054 (1975) (providing that expert testimony is required in professional negligence cases, unless the negligence is so grossly apparent that a layperson would have no difficulty in recognizing it). Thus, without a standard of care expert, no genuine issue of material fact exists about whether the defendants' representation fell below the applicable standard of care that would have precluded summary judgment. *See Orme School v. Reeves*, 166 Ariz. 301, 305, 802 P.2d 1000, 1004 (1990). Consequently, the trial court did not err in granting the defendants' motions for summary judgment.

### 2. Motion for Findings of Fact and Conclusions of Law

**¶18**          Hope argues that the trial court erred by not ruling on her motion for findings of fact and conclusions of law. But that court was divested of jurisdiction to rule on her motion because she filed her notice of appeal on the same day. *See Southwest Gas Corp. v. Irwin ex rel. Cnty. of Cochise*, 229 Ariz. 198, 201 ¶ 8, 273 P.3d 650, 653 (App. 2012) ("When a party files a notice of appeal from a final judgment, it generally divests the trial court of jurisdiction to proceed except in furtherance of the appeal.") (internal quotation marks and citation omitted).

**¶19**          Even if the trial court had jurisdiction, however, Rule 56 does not require the court to issue findings of fact and conclusions of law. Rule 56(a) provides that a "court should state on the record the reasons for granting or denying the [summary judgment] request." Ariz. R. Civ. P. 56(a). The rule also recognizes that "[f]indings of fact and conclusions of law are unnecessary on decisions of motion under" Rule 56. *Id.* Here, the ruling stated why the trial court was granting the motion for summary judgment. Consequently, even if the court could have ruled on the motion, the court did not err by not making findings of fact and conclusions of law.

### 3. Motion for Reconsideration

**¶20**          Hope argues that the trial court erred by not ruling on her motion for reconsideration. Like her motion for findings of fact and conclusions of law, the trial court was divested of jurisdiction to rule on this motion after Hope filed her notice of appeal. *See City of Phoenix v. Leroy's Liquors, Inc.*, 177 Ariz. 375, 381, 868 P.2d 958, 964 (App. 1993) (providing that when a party files a notice of appeal before the trial court had a chance to rule on the motion for reconsideration, the court is divested of jurisdiction); *Southwest Gas*, 229 Ariz. at 201 ¶ 8, 273 P.3d at 653. Because Hope filed her notice of appeal and her motion for reconsideration on the same day, the trial court did not have the opportunity to rule on the motion for reconsideration. The notice of appeal had divested the court of jurisdiction to resolve that motion. Consequently, the trial court did not err by not ruling on Hope's motion for reconsideration.

### 4. Motion to Dismiss

**¶21**          Hope argues that the trial court erred in dismissing Thur and TO because "they had their hands literally in every pleading and dealt with every issue of the case" all the way to the jury. We review a dismissal pursuant to Rule 12(b)(6) de novo. *Coleman v. City of Mesa*, 230 Ariz. 352, 355 ¶ 7, 284 P.3d 863, 866 (2012). In our review, we accept the complaint's

allegations as true and resolve all inferences in the plaintiff's favor. *Southwest Non-Profit Housing Corp. v. Nowak*, 234 Ariz. 387, 390–91 ¶ 10, 322 P.3d 204, 207–08 (App. 2014). We will uphold a dismissal when it is certain that the plaintiff could not prove any set of facts entitling him or her to relief. *Wallace v. Casa Grande Union High School Dist. No. 82 Bd. of Governors*, 184 Ariz. 419, 424, 909 P.2d 486, 491 (App. 1995).

**¶22**        A plaintiff asserting legal malpractice must allege, among other elements, that the defendant owed her a duty of care. *See Glaze*, 207 Ariz. at 29 ¶ 12, 83 P.3d at 29. An attorney-client relationship must exist, and one "exists when a person has manifested to a lawyer [his or her] intent that the lawyer provide [him or her] with legal services and the lawyer has manifested consent to do so." *Simms v. Rayes*, 234 Ariz. 47, 50 ¶ 11, 316 P.3d 1235, 1238 (App. 2014). A purported client's belief that the lawyer was his or her attorney is crucial to the existence of an attorney-client relationship, so long as that belief is objectively reasonable. *Paradigm Ins. Co. v. Langerman Law Offices, P.A.*, 200 Ariz. 146, 149 ¶ 10, 24 P.3d 593, 596 (2011). We review questions of law de novo. *Phoenix Newspaper, Inc. v. Dep't of Corrections*, 188 Ariz. 237, 244, 934 P.2d 801, 808 (App. 1997).

**¶23**        Here, although we accept the complaint's allegations as true, nothing in the record shows that Hope manifested to Thur or TO her intent that they provide legal services to her or that Thur or TO manifested any consent to do so. Hope's complaint alleged that Thur and Loeb entered into a fee agreement where Thur would receive 25% of Loeb's 40% contingent fee on Hope's dental malpractice suit and that Thur and TO prepared motions, the pretrial statement, and a settlement memorandum for the dental malpractice suit. But the complaint also states that "Thur has never personally met with Plaintiff 'Hope,'" neither Thur nor anyone from his firm has ever spoken with her, and she never consented to authorizing Thur or TO "to work on any aspect or level on her legal matter." Moreover, Hope "never consented to waive her attorney client relationship with Donald O. Loeb Esq." to allow Thur to discuss the case, to participate in drafting the pleadings, and to be part of a fee splitting relationship. Thus, no attorney-client relationship existed between Hope and Thur or TO, and as a result, neither Thur nor TO owed a duty to Hope. Consequently, the trial court did not err by dismissing Thur and TO from the legal malpractice suit.

### 5. Motion to Strike

**¶24**        Hope argues that the trial court erred by striking her standard of care expert. Section 12–2602 provides that in an action against a licensed professional where expert opinion testimony is necessary, the plaintiff must submit an affidavit containing (1) the expert's qualifications to express an opinion on the licensed professional's standard of care; (2) the factual basis for each claim; (3) the licensed professional's acts, errors, or omissions that the expert considers to be a violation of the standard of care resulting in liability; and (4) the manner in which the licensed professional's acts, errors, or omissions caused or contributed to the damages or other relief sought by the plaintiff. A.R.S. § 12–2602(B). We review the decision to admit or exclude evidence for an abuse of discretion. *State v. Grell*, 212 Ariz. 516, 528 ¶ 55, 135 P.3d 696, 708 (2006). The trial court has broad discretion in determining the admissibility of expert opinion evidence. *Mohave Elec. Co-op., Inc. v. Byers*, 189 Ariz. 292, 301, 942 P.2d 451, 460 (App. 1997).

**¶25**        Here, Hope's proposed expert had a legal career in "complex commercial and maritime litigation, as well as transactions," and his "professional roots are in Admiralty and maritime law." Bynane's affidavit noted that he "handled" one legal malpractice cause resulting from an underlying orthopedic medical malpractice claim that was settled. His affidavit also stated that he "reviewed several potential cases involving claims of legal and medical malpractice."

**¶26**        Bynane's experience as a maritime lawyer, the one legal malpractice case that settled, and his review of other potential cases is insufficient to qualify him as a legal malpractice expert. Moreover, although Bynane noted that he familiarized himself with "the standard of care of lawyers, and local Rules of Civil Procedure, in Arizona," his study was insufficient to demonstrate that he has the required knowledge, skill, experience, training, or education necessary to qualify him as an expert regarding the standard of care of attorneys in Arizona handling a dental malpractice suit. Consequently, we do not find that the trial court abused its discretion by precluding Bynane from testifying as an expert.

### 6. Motions for Leave to Amend Responses, to Post Security for Costs, and to Quash Service of Process

**¶27**        Hope argues that the trial court erred in granting Loeb and CVL's motion for leave to amend responses, RCDM's motion for her to post security for costs, and Gove's motion to quash service of process. All three issues are moot because resolving them would not affect the outcome of

this appeal. *See Arpaio v. Maricopa Cnty. Bd. of Supervisors*, 225 Ariz. 358, 361 ¶ 7, 238 P.3d 626, 629 (App. 2010) (providing that a case "becomes moot when an event occurs which would cause the outcome of the appeal to have no practical effect on the parties"). Consequently, and because they are not matters of public importance or those capable of repetition yet evading review, we will not exercise our discretion to review those issues. *See Prutch v. Town of Quartzsite*, 231 Ariz. 431, 435 ¶ 10, 296 P.3d 94, 98 (App. 2013) (providing that the court of appeals will decline to address moot issues as a policy of judicial restraint, unless the matters are "of public importance or those capable of repetition yet evading review").

**CONCLUSION**

¶28        For the foregoing reasons, we affirm.



**Ruth A. Willingham** · **Clerk of the Court**
F I L E D : ama