NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

MELAYNA LOKOSKY, *Petitioner,*

*v.*

THE HONORABLE DAVID GASS, Judge of the SUPERIOR COURT OF
THE STATE OF ARIZONA, in and for the County of MARICOPA,
*Respondent Judge,*

RUSSELL RUFFINO, a married man; CLIENTS ON DEMAND, L.L.C., a
California limited liability company, *Real Parties in Interest.*

No. 1 CA-SA 18-0101
FILED 6-28-2018

Petition for Special Action from the Superior Court in Maricopa County
No. CV2015-009252
The Honorable David B. Gass, Judge

**JURISDICTION ACCEPTED; RELIEF GRANTED**

COUNSEL

Jackson White PC, Mesa
By Michael R. Pruitt, Nathaniel J. Hill
*Counsel for Petitioner*

Kelly/Warner, PLLC, Scottsdale
By Daniel R. Warner
*Counsel for Real Parties in Interest*

---

**MEMORANDUM DECISION**

Presiding Judge Maria Elena Cruz delivered the decision of the Court, in which Judge Jennifer B. Campbell and Judge James P. Beene joined.

---

**C R U Z**, Presiding Judge:

¶1 Petitioner Melayna Lokosky seeks special action relief from the superior court's order imposing a temporary restraining order on the parties. Because Lokosky lacks an "equally plain, speedy, and adequate remedy by appeal," we accept special action jurisdiction. Ariz. R.P. Spec. Act. 1(a); *see generally Sw. Gas Corp. v. Irwin ex rel. County of Cochise*, 229 Ariz. 198, 201, ¶¶ 5-7 (App. 2012) (accepting special action jurisdiction "when a party cannot obtain justice by other means"). For the following reasons, we accept special action jurisdiction and grant relief.

## FACTUAL AND PROCEDURAL HISTORY

¶2 In December 2015, Respondents Russell Ruffino and Clients on Demand, L.L.C. (collectively, "Respondents") filed an action for false advertising and unfair competition under the Lanham Act § 43(A)(1)(B), 15 U.S.C. § 1125; defamation and defamation per se; false light invasion of privacy; tortious interference with current and prospective business relationships; aiding and abetting; and conspiracy. They sought, in part, a preliminary and permanent injunction compelling Lokosky to remove from the internet all material pertaining to Respondents and their business and from publishing any false statements or defamatory material to any third party. Respondents obtained a default judgment in late 2016, including approximately $250,000.

¶3 In January 2017, Respondents compelled the transfer of ownership of Lokosky's website to Respondents. Lokosky then applied for a restraining order seeking to have ownership of her website returned to her and simultaneously moved to vacate or set aside the judgment. The superior court granted the temporary restraining order, which directed the return of the website to Lokosky pending the outcome of a preliminary injunction hearing. It additionally ordered Lokosky to "remove any and all material and/or references pertaining to each Plaintiff" on her website and "refrain from publishing or republishing on the Internet any and all materials and/or references pertaining to each Plaintiff."

¶4            In March 2017, the superior court held the first day of an evidentiary hearing on Lokosky's motion to vacate judgment.  During the month in between hearing days the superior court placed both parties under an order forbidding the parties from engaging in speech regarding each other, counsel, and the instant lawsuit.  The superior court said, "nobody is posting anything about this case online about the other party, [or] the other party's attorneys."  In April 2017, the superior court held the second day of the evidentiary hearing and vacated the default judgment against Lokosky.  The court indicated it would consider a motion to dissolve the temporary restraining order but that the restraint on speech would remain in place pending further action by the court.  It reiterated that the order applied to both parties:

> The injunction remains in place on both of you.  Neither of you is putting the other one down online.  The things stay offline only because I'm trying to — whichever way this goes because if there are counterclaims, I'm just trying to limit the damages and what happens in this case.

¶5            In May 2017, Respondents filed a notice of appeal regarding the superior court's decision to vacate the default judgment.[1]  A month later, Lokosky filed a motion to dissolve the temporary restraining order because there was no longer a default judgment to justify the restraint on her speech.  In August 2017, the superior court ruled that it would not make any decision on the motion to dissolve the temporary restraining order until the Court of Appeals revested jurisdiction in the superior court.

¶6            In September 2017, Lokosky filed a separate notice of appeal regarding the superior court's decision not to decide the motion to set aside the temporary restraining order.  This Court determined it did not have jurisdiction over the appeal.[2]  A month later, Lokosky requested this Court dissolve the temporary restraining order, but she did so by way of a filing in Respondents' separate appeal.  This Court denied the motion, deciding that Lokosky's request was more appropriately raised as a special action.  Lokosky then filed the special action petition at issue in this decision.

---

[1]      This Court initially stayed the appeal pending the superior court's signature of the order being appealed.  This Court later reinstated the appeal upon receiving Respondents' notice of filing the signed ruling.

[2]      Lokosky later obtained a judicial signature on the order in question.

**DISCUSSION**

**¶7** Lokosky argues the temporary restraining order is an unconstitutional governmental restraint on speech that is unsupported by a clear finding that the speech is not entitled to the First Amendment's protection.  She also asserts that the temporary restraining order and the instructions provided by the court are invalid under Arizona's constitutional free speech provisions.  Because we conclude the order constitutes an impermissible prior restraint under the United States Constitution, we do not address Lokosky's arguments regarding the Arizona Constitution.

**¶8** We review the lawfulness of the superior court's order *de novo*.  *Phx. Newspapers, Inc. v. Otis*, 243 Ariz. 491, 495, ¶ 12 (App. 2018).  A prior restraint is an administrative or judicial order "forbidding certain communications . . . issued in advance of the time that such communications are to occur."  *Alexander v. United States*, 509 U.S. 544, 550 (1993) (emphasis removed).  "Temporary restraining orders and permanent injunctions . . . are classic examples of prior restraints."  *Id.*  "[P]rior restraints on speech and publication are the most serious and the least tolerable infringement on First Amendment rights."  *Neb. Press Ass'n v. Stuart*, 427 U.S. 539, 559 (1976).  "Although not all prior restraints are invalid, they come with a heavy presumption against constitutional validity."  *Nash v. Nash*, 232 Ariz. 473, 481-82, ¶ 32 (App. 2013).  Moreover, the temporary nature of a restraint does not make it less objectionable or reduce the burden on the government to justify it.  *Neb. Press Ass'n*, 427 U.S. at 559.  "[A]n injunction issued before an adequate determination that it is unprotected by the First Amendment presents the special vice of a prior restraint."  *Overstreet v. United Bhd. of Carpenters & Joiners of Am., Local Union No. 1506*, 409 F.3d 1199, 1218 (9th Cir. 2005) (internal quotations omitted); *State ex rel. Corbin v. Tolleson*, 160 Ariz. 385, 396 (App. 1989).

**¶9** The temporary restraining order at issue in this action is a prior restraint on the parties' speech because it forbids the parties from speaking about each other online in the future, thereby "forbidding certain communications . . . issued in advance of the time that such communications are to occur."  *Alexander*, 509 U.S. at 550.  Although Respondents argue that the temporary restraining order is not a prior restraint because Lokosky agreed to the order, we are unpersuaded.  In her request for a temporary restraining order, Lokosky only sought the return of her website.  She did not seek the restraints placed on her or Respondents' speech, therefore it is inaccurate to say that Lokosky agreed to the speech restriction provisions of the temporary restraining order.

*Compare with Snepp v. United States*, 444 U.S. 507, 509 n.3 (1980) (concluding that agreement that Central Intelligence agent was required to complete upon employment and that expressly obligated agent to submit any proposed publication for prior review was not an impermissible restraint on protected speech); *Charter Commc'ns., Inc. v. County of Santa Cruz*, 304 F.3d 927, 935 n.9 (9th Cir. 2002) (stating party had waived its right to claim that denial of a transfer of a franchise violated its First Amendment rights when party voluntarily entered into an agreement under which the county had to approve any transfer); *Nash*, 232 Ariz. at 481-83, ¶¶ 29-36 (determining court did not abuse its discretion in entering order barring both parties from disparaging each other by way of social media when parties had entered into joint-custody agreement that placed certain restrictions on their speech). "The purpose of a temporary restraining order is to preserve the status quo before a preliminary injunction hearing may be held . . . ." *Estes v. Gaston*, No. 2:12-CV-1853, 2012 WL 5839490, at *2 (D. Nev. Nov. 16, 2012). However, before a temporary restraining order enjoining future speech may issue, the court must determine whether such future speech falls outside of the protections of the First Amendment. "Absent a clear finding supported by the evidence that a given expression is unentitled to First Amendment protection, a prior restraint should not issue and cannot stand." *Tolleson*, 160 Ariz. at 396. The temporary restraining order issued against Lokosky was an impermissible prior restraint because it is not supported by "an adequate determination that [the speech in question] is unprotected by the First Amendment[.]" *Overstreet*, 409 F.3d at 1218. Although the superior court indicated its intent to prevent the parties from engaging in speech which might later increase their own liability in this litigation, the record is devoid of any support for the notion that Lokosky's speech is not protected. If a party in this action engages in libelous conduct, it does so at its own peril.

¶10 Respondents argue, among other things, that Lokosky's speech was properly restrained because Lokosky is Respondents' competitor and her speech, in this context, is commercial speech. The United States Supreme Court has recognized a distinction between commercial and noncommercial speech. *See generally Cent. Hudson Gas & Elec. Corp. v. Pub. Serv. Comm'n of N.Y.*, 447 U.S. 557 (1980). "The Constitution . . . accords a lesser protection to commercial speech than to other constitutionally guaranteed expression." *Id.* at 562-63. Commercial speech that is misleading is not protected under the First Amendment. *Id.* at 563-64. "To whatever extent a *commercial* message is deceptive or proposes an illegal transaction, it may constitutionally be banned." *Tolleson*, 160 Ariz. at 390. Assuming without deciding that Lokosky's

statements fall under the umbrella of commercial speech, said speech has not been determined to be misleading. Without such a determination Lokosky's speech may not be restrained, even temporarily.

¶11 Lokosky seeks her attorneys' fees and costs pursuant to Arizona Special Action Rule of Procedure 4(g) and ARCAP 21(a). However, because Lokosky does not "specifically state the statute, rule, decisional law, contract, or other authority for an award of attorneys' fees" pursuant to ARCAP 21(a), we decline her request.

## CONCLUSION

¶12 For the reasons stated, we accept special action jurisdiction and grant relief. We reverse and vacate the temporary restraining order in so far as it enjoins the parties from engaging in speech about this action on any forum, or about the parties involved herein.



AMY M. WOOD • Clerk of the Court
FILED:  AA