NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

PHILLIP DOLE, *Petitioner*,

*v.*

THE HONORABLE MICHAEL BLAIR, Judge of the SUPERIOR COURT
OF THE STATE OF ARIZONA, in and for the County of MARICOPA,
*Respondent Judge*,

DALYNNE DOLE, *Real Party in Interest*.

No. 1 CA-SA 20-0001
FILED 2-11-2020

Petition for Special Action from the Superior Court in Maricopa County
No. FC2018-005549
The Honorable Michael Blair, Judge

**JURISDICTION ACCEPTED; RELIEF GRANTED**

COUNSEL

Berkshire Law Office PLLC, Tempe
By Keith Berkshire, Kristi A. Reardon, Alexandra Sandlin
*Counsel for Petitioner*

Woodnick Law PLLC, Phoenix
By Markus W. Risinger
*Co-Counsel for Real Party in Interest*

Tyler Allen Law Firm PLLC, Phoenix
By Kelsey McKay Nordahl
*Co-Counsel for Real Party in Interest*

---

**MEMORANDUM DECISION**

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge David B. Gass joined.

---

**C R U Z**, Judge:

¶1        Phillip Dole ("Father") seeks special action relief from the superior court's decree of dissolution.  For the reasons that follow, we accept jurisdiction and grant relief.

## FACTUAL AND PROCEDURAL HISTORY

¶2        Father and Dalynne Dole ("Mother") were married for twenty-four years when Mother filed for divorce.  The parties have six children together, four of whom are minors.  Father is an engineer, earning a base salary of $127,000 with an annual bonus.  Mother stayed at home with the children, and Mother did not work outside the home throughout the entirety of the marriage.  The parties' primary assets included two parcels of real property, the marital residence and a residence used as a rental property.

¶3        While the dissolution was pending, Mother remained in the marital residence with the children and Father moved into the rental property.  Neither Mother nor Father had the properties appraised.  Both Father and Mother testified at trial that there is about $200,000 in equity in the marital residence and about $100,000 in equity in the rental property.  There is about $236,810.56 owed on the marital residence, and the monthly mortgage payment is $1,313.65.  There is about $197,766.51 owed on the rental property, and the monthly mortgage payment is $1,228.56.

¶4        Following trial, the superior court allocated parenting time and legal decision-making authority, awarded Mother spousal

2

maintenance and child support, and divided the parties' property, including the two parcels of real property. The superior court awarded the marital residence and rental property to Father and Mother as joint tenants with right of survivorship. Mother was granted exclusive use of the marital residence, with sole responsibility for all mortgage, HOA, utilities, and other expenses related to the marital residence. Similarly, Father was granted exclusive use of the rental property, with sole responsibility for all mortgage, HOA, utilities, and other expenses related to the rental property. The court further ordered that, unless the parties agreed to sell the properties sooner, Father and Mother were to sell the marital residence and rental property no later than October 31, 2025 (a few months after the youngest child graduates high school). All net equity at the time of each sale would then be divided equally between the parties at the close of escrow.

¶5          Father filed a Request to Alter/Amend Ruling on November 1, 2019, and the superior court denied his request. Father then filed the instant special action petition.

## SPECIAL ACTION JURISDICTION

¶6          Special action review is generally appropriate when there is no "equally plain, speedy, and adequate remedy by appeal." Ariz. R.P. Spec. Act. 1(a); *see generally Sw. Gas Corp. v. Irwin ex rel. Cty. of Cochise*, 229 Ariz. 198, 201, ¶¶ 5-7 (App. 2012). However, "jurisdiction is frequently accepted when under no rule of law can a trial court's actions be justified." *King v. Superior Court (Bauer)*, 138 Ariz. 147, 149-50 (1983). "This court's decision to accept special action jurisdiction is discretionary, and the exercise of jurisdiction is appropriate when the issue involved is one of law and of statewide importance." *State ex rel. Montgomery v. Rogers*, 237 Ariz. 419, 421, ¶ 5 (App. 2015); *see Sw. Gas Corp.*, 229 Ariz. at 201, ¶ 7.

¶7          The superior court abused its discretion and committed an error of law by requiring Father and Mother to own the two pieces of real property as joint tenants with right of survivorship for six years following the dissolution of their marriage. Under these circumstances, we agree there is no "equally plain, speedy, and adequate remedy by appeal," and therefore accept jurisdiction.

## DISCUSSION

¶8          Father argues that the superior court violated his property rights and inheritance rights by using a "best interests of the children" standard in dividing community property and ordering that the parties

3

continue to own real estate as joint tenants with right of survivorship beyond their date of divorce. The apportionment of community property in a dissolution proceeding rests within the discretion of the superior court, and we will not disturb it absent an abuse of discretion. *Hatch v. Hatch*, 113 Ariz. 130, 133 (1976); *Kohler v. Kohler*, 211 Ariz. 106, 107, ¶ 2 (App. 2005). A court abuses its discretion when it commits an error of law in exercising its discretion. *Kohler*, 211 Ariz. at 107, ¶ 2.

**¶9**        Arizona Revised Statute ("A.R.S.") section 25-318 directs the court to divide community and jointly held property equitably upon dissolution of the marriage; a substantially equal division is not required if "sound reason exists to divide the property otherwise." *Toth v. Toth*, 190 Ariz. 218, 221 (1997). Our supreme court has found "equitable" to be "a concept of fairness dependent upon the facts of particular cases." *Id.* In arriving at an equitable distribution of property, the court may consider the enumerated factors under A.R.S. § 25-318, which include debts or obligations relating to the property, excessive or abnormal expenditures, destruction, concealment or fraudulent disposition. A.R.S. § 25-318(B)-(C). Additionally, the court may consider non-enumerated factors, including the source of funds and "other equitable factors as they may bear on the outcome" of equitable allocation. *Toth*, 190 Ariz. at 222. Regardless, the court must divide any community property at dissolution. A.R.S. § 25-318(A).

**¶10**        Here, the superior court did not immediately divide the real property between the parties. Instead, the court ordered the parties continue to jointly own the two properties for the next six years and that, in the event of either party's death, the other shall inherit the deceased's interest in both properties. In other words, if Father were to die during the six years of co-ownership, Mother would inherit both properties outright. The court arrived at this resolution out of consideration for the children's best interests and Mother's request that she not be made to move them out of the only home they have ever known.

**¶11**        Though divorce brings about changes that can be stressful for the children of the marriage and Mother's concern is real, A.R.S. § 25-318 is clear in its mandate that community property must be divided on dissolution of the marriage. Moreover, the best interests of the children are not factors the superior court may use to deprive either party of their right to control and dispose of their separate property. The Arizona Supreme Court was clear when, in *Koelsch v. Koelsch*, 148 Ariz. 176, 181 (1986), it reasoned that "[w]hen the community property is divided at dissolution pursuant to the mandate of A.R.S. § 25-318, each spouse receives an

immediate, present, and vested separate property interest in the property awarded to him or her by the trial court."

¶12         Mother relies on *In re Marriage of Berger* for the proposition that the children's interests may be expressly considered when dividing property in divorce.  140 Ariz. 156, 168 (App. 1983).  However, in *In re Marriage of Berger*, this court held that any unequal award of household furnishings to the wife was proper because "[s]he paid for the property with her separate funds and the furniture and furnishings were necessary to maintain the house in a suitable condition as a home for the children whose custody she was awarded."  *Id.*  Additionally, the *Berger* court held the wife's "separate funds were the major source for the support of the family, including the husband, during the marriage."  140 Ariz. at 168.

¶13         It is not improper for a court to consider the parties' children in the overall decision of which party should be awarded a given piece of property; however, in doing so, the court may not impinge on either party's property interests.  Pursuant to A.R.S. § 25-318, the community property is divided at dissolution, each party is awarded that disposition as their separate property, and "a former spouse loses any interest in and control over that separate property."  *Koelsch*, 148 Ariz. at 181.  Here, the court expressly found that "selling the properties now and dividing the equity in them may be best for the parents," but "forcing the children to move is not what is best for them."  The court's decision in distributing the marital residence and rental property rested primarily on what the court believed to be the children's best interests, but it deprived both parties of their interests in their separate property for six years after the divorce was finalized.  Following dissolution of Mother and Father's marriage, Father's interest in the marital residence and rental property became his separate property, and Mother should have lost any interest and control over that separate property.

¶14         It was improper for the superior court to use the "best interests of the children" as the deciding factor in the distribution of Mother's and Father's property.  Although a court has broad discretion in allocating property following the dissolution of a marriage, it "has no authority to compel either party to divest himself or herself of [t]itle to separate property."  *Proffit v. Proffit*, 105 Ariz. 222, 224 (1969).  The court committed reversible error when it trumped the children's interests over Father's property rights.

¶15         We recognize the superior court enjoys discretion to divide property equitably, such as by ordering it be sold, even if the sale may occur

some reasonable time after the superior court signs the dissolution decree. That situation often arises by necessity, since usually it is impossible to complete the sale of real estate immediately after the signing of a divorce decree. The flaw here in the instant case is two-fold, however. The division of the interest of the community property denies both parties control over their sole and separate property after the dissolution, denying them their statutory right to seek partition, and it does so for the next six years, unless Mother agrees to sell the properties sooner. *See* A.R.S. § 12-1211. Also, by ordering a right of survivorship provision, the superior court denies both parents control over the disposition of their sole and separate property upon their death.

¶16        Father requests we reverse the superior court's orders requiring that the parties own the two real estate properties as joint tenants with right of survivorship, and that we order the sale of said real estate and equal division of the proceeds. Mother contends that such an order risks inequity because it will disturb the complex machinery of the decree. However, in its ruling, the superior court found that "this case does not present a unique set of facts or circumstances. Therefore, an equal division of community property is appropriate to achieve equity." The court also found that the "allocation of the real and personal property, when considered with the division of debt, is fair and equitable under the circumstances" bearing some equalization adjustments where Father was ordered to pay Mother a total of $13,675 in offsets and reimbursements. Based on these findings, and the court's effort to divide the property equally, the only legally permissible outcome is that the properties be sold, and the proceeds divided equally between the parties.

¶17        Accordingly, we grant relief by reversing the superior court's order requiring that the parties own the two real estate properties as joint tenants with right of survivorship. We remand to the superior court for further orders requiring that the two properties common to the parties be sold and the net proceeds be divided equally. The court shall direct that the parties hold title as tenants in common during the pendency of the sale.

## CONCLUSION

¶18        We accept jurisdiction and grant relief. Father requests his reasonable attorneys' fees pursuant to A.R.S. § 25-324, and costs on appeal. More specifically, Father argues Mother took an unreasonable position at trial and that Mother's appellate arguments were not made in good faith. Having considered the financial positions of the parties and given Mother's unsupported position on the law regarding disposition of community

property, in the exercise of our discretion and under A.R.S. § 25-324(B)(2), we grant Father a partial award of his reasonable attorneys' fees. As the prevailing party, Father is entitled to recover his costs on appeal upon compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED:  AA