NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

MICHAEL D., *Appellant*,

*v.*

DEPARTMENT OF CHILD SAFETY, R.D., *Appellees*.

No. 1 CA-JV 20-0206
FILED 12-10-2020

Appeal from the Superior Court in Maricopa County
No.  JD532098
The Honorable Kristin Culbertson, Judge

**AFFIRMED**

COUNSEL

Stuart & Blackwell PLLC, Chandler
By Cory A. Stuart
*Counsel for Appellant*

Arizona Attorney General's Office, Mesa
By Thomas Jose
*Counsel for Appellee Department of Child Safety*

---

**MEMORANDUM DECISION**

Judge Cynthia J. Bailey delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Kent E. Cattani joined.

---

**B A I L E Y**, Judge:

¶1        Michael D. ("Uncle") appeals the superior court's order denying his motion to place his nephew, R.D., in his physical custody in Illinois. Because the record supports the court's finding that it was in R.D.'s best interests to continue living with other relatives in Arizona, and for the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        R.D. lived in Illinois until he was four years old and spent much of his time with his extended family. Then R.D.'s mother moved with him to Arizona, and his father later followed. In Arizona, the parents abused methamphetamine and heroin. In November 2018, the Department of Child Safety ("DCS") took custody of R.D. due to the parents' substance abuse and neglect. DCS filed a dependency petition and initially placed R.D. with a foster family. In February 2019, R.D. moved in with maternal relatives and remained there during the dependency. Meanwhile, in 2019, Uncle completed a home study and was approved as a placement for R.D. However, at that time, the superior court ruled that it was in R.D.'s best interests to remain in Arizona. Eventually, the court terminated mother and father's parental rights.

¶3        In February 2020, Uncle moved to intervene, and in April, the superior court granted the request. After intervening, Uncle moved for physical custody of R.D. Although acknowledging that R.D "is currently placed in a stable, kinship placement," Uncle stated that most of R.D.'s large and close extended family (including young cousins) live in Illinois. Uncle also asserted that R.D. had spent "significant portions of his life" with Uncle, including staying at Uncle's "house almost every weekend." Finally, Uncle asserted he could provide R.D. with stability and permanency. DCS and R.D.'s guardian ad litem objected to the motion, and in June, following an evidentiary hearing, the superior court denied Uncle's motion.

**DISCUSSION**

**¶4**          As an initial matter, DCS argues that this court lacks jurisdiction to review the appeal because Uncle is not an aggrieved party, and the order is interlocutory.  However, to the extent this court lacks appellate jurisdiction, we take special action jurisdiction and reach the merits of Uncle's arguments.  *See Southwest Gas Corp. v. Irwin*, 229 Ariz. 198, 201, ¶ 6 (App. 2012) ("[W]e are inclined to accept special action jurisdiction when a party cannot obtain justice by other means.").

**¶5**          Uncle argues that the superior court abused its discretion in denying his motion to place R.D. in his home.  He asserts both that no reasonable evidence supported the court's decision to keep R.D. in his current placement, and that it was in R.D.'s best interests to be placed with him.

**¶6**          "Juvenile courts have substantial discretion when placing dependent children because the court's primary consideration . . . is the best interest of the child."  *Antonio P. v. Ariz. Dep't of Econ. Sec.*, 218 Ariz. 402, 404, ¶ 8 (App. 2008).  This court reviews placement decisions for an abuse of discretion, which occurs when the superior court exercises its discretion in a manner that is manifestly unreasonable or based on untenable grounds. *Id.*; *Lashonda M. v. Ariz. Dep't of Econ. Sec.*, 210 Ariz. 77, 83, ¶ 19 (App. 2005) (quoting *Quigley v. Tucson City Court*, 132 Ariz. 35, 37 (App. 1982)).  As the trier of fact, the juvenile court "is in the best position to weigh the evidence, observe the parties, judge the credibility of witnesses, and resolve disputed facts."  *Jordan C. v. Ariz. Dep't of Econ. Sec.*, 223 Ariz. 86, 93, ¶ 18 (App. 2009).  "We will not disturb the juvenile court's determination unless reasonable evidence does not support its factual findings."  *Ariz. Dep't of Econ. Sec. v. Matthew L.*, 223 Ariz. 547, 549, ¶ 7 (App. 2010).

**¶7**          Here, the superior court found that R.D. had "suffered much turmoil and trauma in his young life" and a "move at this time would not be in his best interest."  Reasonable evidence supports the court's findings. After being separated from his parents due to their drug use and neglect, R.D. lived with a maternal great aunt and uncle for almost a year and a half. As DCS points out, implicit in the court's finding is that R.D. needed permanency and stability, which maternal great aunt and uncle were providing.  Further, the record shows that they were meeting his needs, and he had bonded to them.  R.D. was thriving both socially and in school, and before the pandemic, he participated in extracurricular activities.  R.D.'s statements reinforce the court's findings; he indicated he was happy in his

placement, stating to the DCS specialist that he did "not want to go back to Illinois, I don't want to move there."

¶8 Uncle points to reasons he would be a good placement for R.D., but these are facts the court took into account before reaching its decision. To be sure, the superior court agreed that Uncle would "no doubt . . . provide [R.D.] a stable and loving home, as can current placement." Because reasonable evidence supports the court's findings, we will not disturb those findings by reweighing the evidence on appeal. *Jesus M. v. Ariz. Dep't of Econ. Sec.*, 203 Ariz. 278, 282, ¶ 12 (App. 2002).

¶9 Uncle also argues that the superior court "should be required to go through each of the factors [in A.R.S. § 8-103(C)] and explain [their] application to the current situation." Even assuming Uncle did not waive this argument by not raising it below, he cites no authority requiring the superior court to do so. *Cf. Antonio P.*, 218 Ariz. at 404, ¶ 8 ("Juvenile courts have substantial discretion when placing dependent children because the court's primary consideration in dependency cases is the best interest of the child."). He also fails to explain why Section 8-103(C), entitled "Who may adopt," should apply to a change of custody determination. Finally, even assuming it applies here, Section 8-103(C) simply lists "relevant factors for consideration"; it does not expressly require the court to review or delineate findings for each factor. *See* A.R.S. § 8-103(C).

**CONCLUSION**

¶10 For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED:   AA

4